The STATE ex rel. SCIOTO COUNTY CHILD SUPPORT
ENFORCEMENT AGENCY et al., Appellees,

v.

GARDNER, Appellant.

[Cite as *State ex rel. Scioto Cty. Child Support Enforcement
Agency v. Gardner* (1996), 113 Ohio App.3d 46.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 95CA2384.

Decided July 25, 1996.

48

*Matthew W. McFarland,* for appellees.

*Charles H. Wilson, Jr.,* for appellant.

KLINE, Judge.

Plaintiff-appellees Scioto County Child Support Enforcement Agency and Delana R. Boldman filed a complaint in the Scioto County Court of Common Pleas, Juvenile Division, against defendant-appellant Michael R. Gardner to determine the parentage of Paul S. Boldman, who was thirteen years old at the time. The results of blood tests indicated a 99.99 percent probability that appellant is Paul's biological father. Appellant filed an answer to the complaint denying parentage and asserting among his defenses the doctrine of laches. Subsequently, appellant agreed that he is Paul's biological father, and the court entered judgment accordingly. The court also ordered appellant to pay the

Scioto County Department of Human Services $15,000 in back child support. The court allowed appellant to satisfy the judgment by paying $7,500 within thirty days of the entry of judgment, and appellant does not contest that payment in this appeal.

The case was transferred to the Domestic Relations Division of the Scioto County Court of Common Pleas for a determination of the amount of future child support. The relevant issues were submitted to the court by a memorandum and a supplemental memorandum on behalf of appellant and a memorandum in opposition on behalf of appellees. Appellant's memorandum indicated that he earns a yearly salary of $29,011 but that this amount should be adjusted for the purposes of determining child support. Specifically, appellant asserted that his income should be reduced by the amount of the tax deductions he receives due to the support of his three children, two of whom are older than eighteen years old but who still live at home and are being supported by appellant while they attend college. Appellant also contended that his income should be reduced by the amount of the business expenses he incurs while working for the Fischel Company, as appellant is required to live near the job sites and pay for hotel accommodations, food, industrial code shoes, tools, and the maintenance of a truck. Finally, appellant requested that the court consider that appellee Boldman's thirteen-year delay in informing appellant of the existence of their son Paul denied appellant visitation for thirteen years and prejudiced him by thwarting the financial plans he has made for his family. In appellees' memorandum in opposition, appellees argued that appellant has shown no basis for deviations from the child support guidelines. Appellees argued that two of appellant's children are no longer minors and therefore do not warrant a deduction in appellant's income in the amount of the relevant tax deductions. Appellees further contended that appellant is not entitled to business deductions because he is not self-employed. Appellees requested child support in the amount of $87.31 per week.

Appellant filed a supplemental memorandum to rebut appellees' arguments. In this memorandum, appellant suggested that if the issues were not clear to the court, a hearing should be held so that the issues could be more fully explained and appellees could cross-examine appellant. The court did not hold a hearing.

The trial court entered judgment ordering appellant to pay child support in the amount of $87.31 per week, apparently adopting the figures from appellees' child support worksheet.[1] The court found that appellant's argument for reduction in

---

1. There are no completed child support worksheets in the record besides those completed by the parties. In *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph one of the syllabus, the Supreme Court of Ohio held as follows: "A child support computation

his income for work expenses and his children's college expenses was not well taken. The court did not expressly rule on the laches defense raised in appellant's answer.

Appellant appeals from the trial court's judgment and asserts the following assignments of error:

## FIRST ASSIGNMENT OF ERROR

"Defendant states that there was error in the proceedings and judgment of the lower court prejudicial to this defendant in that the lower court failed to hold a hearing as requested by the defendant in his supplemental memorandum."

## SECOND ASSIGNMENT OF ERROR

"There was error in the proceedings and judgment of the lower court prejudicial to the defendant in that the Court failed to reduce his gross income for the purpose of determining child support by deducting the amount of the federal tax exemption for each of his two children who were over the age of 18, but living at home and attending college."

## THIRD ASSIGNMENT OF ERROR

"There was error in the proceedings and judgment of the lower court prejudicial to this defendant in that the lower court failed to reduce his gross income for the purposes of determining child support for the expenses incurred in his employment while away from home."

## FOURTH ASSIGNMENT OF ERROR

"There was error in the proceedings and judgment of the lower court in that it did not consider or rule upon the defense of laches that was raised by the defendant."

In his first assignment of error, appellant asserts that the trial court erred by failing to hold a hearing on the issues raised in the parties' memoranda.

worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record." In the case *sub judice*, the trial court's failure to complete a worksheet constitutes harmless error because the court clearly adopted appellees' calculation of the child support obligation and no other details of the computation are necessary to review appellant's arguments. See, *e.g.*, *McCoy v. McCoy* (1995), 105 Ohio App.3d 651, 664 N.E.2d 1012; *Christman v. Christman* (July 29, 1994), Highland App. No. 93CA834, unreported, 1994 WL 412402; *Kell v. Kell* (Dec. 14, 1993), Ross App. No. 92CA1931, unreported, 1993 WL 525003.

Appellant submits that the court is required to permit the child support obligor to present all evidence pertinent to the calculation of support.

Appellant's supplemental memorandum stated as follows: "Defendant submits that if these items are not clear to the Court, another hearing should be held so that the same can be more fully explained and plaintiff's counsel will be given an opportunity to cross-examine this defendant in regard to the same." Appellees assert, and this court agrees, that appellant's statement constituted a conditional request for a hearing, and if appellant wanted a hearing, he should have filed a formal request within the months that elapsed before the court entered judgment.

██ Scioto C.P.R. V(A)(2), states that "[m]otions, including motions for summary judgment, shall be submitted and determined upon the motion papers hereinafter referred to without oral argument unless specifically requested and allowed by the court." [2] The record shows no specific request for a hearing by appellant. Failure to request a hearing constitutes waiver. See *Aristech Chem. Corp. v. Carboline Co.* (1993), 86 Ohio App.3d 251, 257, 620 N.E.2d 258, 262. Consequently, this court finds no error in the trial court's failure to hold a hearing, and we overrule appellant's first assignment of error.

In his second assignment of error, appellant contends that the trial court erred by failing to reduce the amount of his gross income in the child support calculation by the amount of the federal income tax exemption for his two children over the age of eighteen. Before addressing the merits of appellant's argument, we must first set forth the applicable standard of review of child support determinations.

██ An appellate court uses the abuse of discretion standard when reviewing matters concerning child support. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030–1031. A trial court will not be found to have abused its discretion unless its decision involves more than an error of judgment and can be characterized as unreasonable, arbitrary, or unconscionable. *Id.; Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142. When applying the abuse of discretion standard of review, an appellate court must not substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184–1185.

██ R.C. 3113.215 sets forth the guidelines a trial court must follow when calculating child support payments. This section provides a schedule and compu-

---

2. The Rules of Practice of the Scioto County Court of Common Pleas, General Division, presumably apply to the Domestic Relations Division as well because the rules for the General Division include provisions addressing domestic relations issues.

tation worksheet to be utilized in this determination. The amount of child support calculated pursuant to the child support schedule and worksheet is "rebuttably presumed to be the correct amount of child support due," and the court shall order that amount to be paid unless the court determines that the amount calculated is unjust or inappropriate and not in the best interests of the child. R.C. 3113.215(B)(1). See, also, *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 110, 616 N.E.2d 218, 220–221; *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 141, 601 N.E.2d 496, 497–498. If the court determines that the application of the schedule and applicable worksheet is unjust or inappropriate and not in the child's best interest, the court may deviate from the amount of support directed by the schedule and worksheet. R.C. 3113.215(B)(3). The provisions of R.C. 3113.215 are to be strictly construed by the courts in order to ensure uniform, consistent, and fair child support orders. *Id.* at 143, 601 N.E.2d at 499. Failure to comply with the requirements of R.C. 3113.215 constitutes reversible error. *Id.*

R.C. 3113.215(B)(5) provides as follows:

"(b) The amount of any pre-existing child support obligation of a parent under a child support order and the amount of any court-ordered spousal support paid to a former spouse shall be deducted from the gross income of that parent to the extent that payment under the child support order or that payment of the court-ordered spousal support is verified by supporting documentation.

"(c) If a parent has other minor children living with him who were born to him and a person other than the other parent who is involved in the immediate child support determination, the court or agency shall deduct an amount from that parent's gross income that equals the number of such minor children times the federal income tax exemption for such children less child support received for them for the year, not exceeding the federal income tax exemption."

Appellant submits that both of these sections should be utilized to reduce the amount of his gross income. Appellant argues that it is unjust and inappropriate to require him to pay the amount of child support otherwise directed by the schedule and worksheet when he is supporting two children who are living with him and attending college.

Appellees note that neither of the code sections cited by appellant is applicable to his situation. Subsection (b) addresses preexisting court-ordered child support and court-ordered spousal support obligations, and appellant submitted no supporting documentation to verify the existence of either form of obligation. Although appellant may support his wife and other children, R.C. 3113.215(B)(5)(b) only addresses those circumstances where an obligor supports

such persons by court order. Consequently, the trial court did not abuse its discretion by failing to utilize subsection (b) to reduce appellant's gross income.

■ R.C. 3113.215(B)(5)(c) addresses other children of an obligor but limits those children that may be considered by referring only to "minor children." The statute provides no deduction for other children who are not minors but who may otherwise qualify the parent for a tax exemption under the federal tax code.[3]

■ Appellees cite *Pasch v. Pasch* (June 30, 1992), Sandusky App. No. S–91–42, unreported, 1992 WL 144937, in which the Sandusky County Court of Appeals stated as follows:

"Providing support for the two adult children is admirable and may well be in the best interests of the adult children, but we cannot see how it in any way enhances the position of the two minor children. Our decision may be seen as unfair to the adult children, but the legislature has determined that it is appropriate to consider only the interests of the minor children in these matters. It is not for us to reverse such a policy decision of the legislature."

The Sandusky County Court of Appeals concluded that voluntary contributions to the education of adult children are not an appropriate consideration in the calculation of child support obligations.

We are persuaded by the rationale of the court in *Pasch*. While it is certainly commendable to help a child through college, the legislature has proclaimed that such a voluntary act does not entitle the generous parent to a reduction in child support obligations.

In his brief, appellant submits that if R.C. 3113.215 limits deductions for other children to children who are minors, the statute is unconstitutional. Appellant cites R.C. 145.45(B)(2)(d) and 3307.49(B)(2)(a)(ii), in which the legislature granted certain benefits to dependent children under twenty-two years of age if the child is attending an institution of learning.

We reject appellant's argument for two reasons. First, the fact that other statutes written for different purposes define certain concepts differently does not render R.C. 3113.215 unconstitutional. Second, other courts have found R.C. 3113.215 constitutional on other grounds. See, *e.g., Gandee v. Gandee* (1990), Franklin App.No. 89AP–928, unreported, 1990 WL 115853; *Matticks v. Matticks* (July 23, 1990), Clinton App. No. CA89–10–016, unreported, 1990 WL 102361; *Lynch v. Lynch* (Dec. 5, 1989), Franklin App. No. 88AP–699, unreported, 1989

---

3. Compare R.C. 3113.215(B)(3)(b), which refers to "[e]xtraordinary obligations for minor children or obligations for handicapped children who are not stepchildren."

WL 146613; *Surman v. Surman* (June 22, 1989), Mahoning App. No. 88 C.A. 85, unreported, 1989 WL 71101.

For all of the foregoing reasons, this court overrules appellant's second assignment of error.

█ In appellant's third assignment of error, he argues that the trial court erred by failing to reduce his gross income by the amount of his business expenses. Appellant explains that his employer requires him to work out of state and incur expenses for lodging, food, industrial shoes, tools, and truck maintenance. As noted above, this court reviews challenges to a trial court's calculation of child support under the abuse-of-discretion standard.

Pursuant to R.C. 3113.215, the court must compute the annual income of both parents in order to determine the appropriate amount of child support. For a parent who is employed, "income" means gross income, which is defined as all earned and unearned income from all sources, including self-generated income. R.C. 3113.215(A)(1) and (2). " 'Self-generated income' means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts." R.C. 3113.215(A)(3). There is no other provision in R.C. 3113.215 for the deduction of business expenses in the calculation of child support.

Appellant does not claim to be self-employed, the proprietor of a business, or a joint owner of a partnership or closely held corporation. Consequently, any deduction for business expenses would be improper. See *Cuyahoga Cty. Support Enforcement Agency v. Lozada* (1995), 102 Ohio App.3d 442, 457, 657 N.E.2d 372, 381–382. Appellant does not explain why his business expenses should be deducted pursuant to R.C. 3113.215(A)(3) when he does not meet the requirement of having self-generated income. Appellant attempts to analogize the child support calculation to a federal income tax calculation. However, appellant's assertion that his expenses may be excluded from his gross income on his tax return is irrelevant because R.C. 3113.215(A)(2) defines gross income as "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable." Furthermore, even if appellant could deduct business expenses pursuant to R.C. 3113.215(A)(3), R.C. 3113.215(B)(5)(a) mandates that a parent provide documents to verify his or her income, including receipts and expense vouchers related to self-generated income, which appellant did not do.

This court cannot find that the trial court's order of child support in the amount of $87.31 per week is arbitrary, unreasonable, or capricious. Accordingly,

the trial court did not abuse its discretion, and we overrule appellant's third assignment of error.[4]

In his final assignment of error, appellant contends that the trial court erred by failing to consider or rule upon the defense of laches. We first note that it does not appear that the trial court failed to consider appellant's defense. The fact that the defense was not specifically addressed in the trial court's judgment entry does not mean that the trial court failed to consider it. The record also does not show a ruling on all of the other defenses appellant asserted in his answer, including improper venue, unconstitutionality of the statutes under which the action was brought, and failure to state a claim. If this court strictly construed appellant's assignment of error, we could overrule it simply because appellant cannot show that the trial court did not consider the laches defense.

 Furthermore, appellant did not argue in his memoranda to the court that child support should be denied due to laches. Rather, appellant submitted the following: "The claim of the Ohio Department of Human Services however is not subject to latches [*sic*], but it is felt that since the plaintiff is now employed and working that the same should be considered in making adjustments to the sums of money that the defendant is required to pay." It is not clear whether appellant wanted the trial court to consider laches or to consider that appellee Boldman is now employed. If appellant intended to request that the trial court reduce his income because of laches, such a request was improper. Laches acts as a bar to an action, not as a mitigating factor for the amount of a judgment. See, *e.g.*, *Woy v. Lyle* (Mar. 4, 1992), Summit App. No. 15193, unreported, 1992 WL 41290.

Nevertheless, it is inherent in appellant's argument that appellant believes that he did raise the defense of laches, and if the trial court considered the defense, it erred by failing to deny child support on that basis. In the interests of justice, we will review the propriety of the trial court's apparent decision that laches does not preclude the imposition of a child support obligation upon appellant.

 " 'Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party.' " *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 35, 15 OBR 134, 135, 472

---

4. This court notes that appellant states several times in his appellate brief that the trial court's denial of deductions from his gross income means that the trial court would not make these deductions for anyone under any circumstance. We would like to emphasize that the provisions of R.C. 3113.215 are guidelines intended to be applied in a discretionary manner. See *Gandee v. Gandee* (Aug. 9, 1990), Franklin App. No. 89AP–928, unreported, 1990 WL 115853. Child support calculations depend on the particular facts and circumstances of each case, and the trial court's denial in this case does not establish a rule to be applied in all others.

N.E.2d 328, 329, quoting *Smith v. Smith* (1957), 107 Ohio App. 440, 443, 8 O.O.2d 424, 426, 146 N.E.2d 454, 456–457. Laches is predominantly a question of fact to be resolved according to the circumstances of each individual case. *Bitonte v. Tiffin Sav. Bank* (1989), 65 Ohio App.3d 734, 739, 585 N.E.2d 460, 463; *Wright v. Ohio Dept. of Human Serv.* (Mar. 26, 1993), Washington App. No. 92CA15, unreported, 1993 WL 97791. The application of the doctrine of laches is within the sound discretion of the trial court. *Allen v. Allen* (1990), 62 Ohio App.3d 621, 624, 577 N.E.2d 126, 127–128, quoting *Thropp v. Bache Halsey Stuart Shields, Inc.* (C.A.6, 1981), 650 F.2d 817, 823. A reviewing court must therefore refrain from reversing a trial court's decision pertaining to the application of laches absent an abuse of discretion.

 First, we recognize that the general rule is that laches cannot be imputed against the state. *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 146, 555 N.E.2d 630, 633. See, also, *Lee v. Sturges* (1889), 46 Ohio St. 153, 176, 19 N.E. 560, 571 (concerning the policy behind this rule). Appellee Scioto County Child Support Enforcement Agency ("the Agency") is a party to this action on behalf of the state. In accordance with the general rule, courts have prohibited the application of laches to child support enforcement agencies when the agencies are trying to recover payment for back child support. See, *e.g., Campbell v. Campbell* (1993), 87 Ohio App.3d 48, 50, 621 N.E.2d 853, 854. In this case, however, appellant has already paid the back child support and does not contest that payment in this appeal.

Instead, appellant endeavors to apply laches to bar future payments of child support. The Agency is still a party to this action, and the trial court ordered all future child support payments to be made through the Agency. This court is unable to find cases where courts have applied laches to bar future child support payments when they did not apply laches to bar past child support payments. There is a case, however, where a trial court applied laches to a mother but did not apply laches against the department of human services. See *Woy v. Lyle* (Mar. 4, 1992), Summit App. No. 15193, unreported, 1992 WL 41290. Regardless, our determination of this assignment of error does not require us to resolve this issue.

 In order to successfully invoke the doctrine of laches, appellant must show that he has been materially prejudiced by appellees' delay in asserting the child support claim. *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraph three of the syllabus. Accord *Wright v. Oliver* (1988), 35 Ohio St.3d 10, 517 N.E.2d 883, syllabus (concerning parentage actions); *Kinney v. Mathias* (1984), 10 Ohio St.3d 72, 74, 10 OBR 361, 362–363, 461 N.E.2d 901, 903. "Delay in asserting a right does not of itself constitute laches." *Smith v. Smith,* at paragraph three of the syllabus.

■ Appellant asserts that he is prejudiced by appellee Boldman's thirteen-year delay in informing him of the existence of Paul. Appellant argues that he has planned his present family's future, including two of his children's college educations, and that he would have considered Paul in these plans if he had been aware that Paul existed. Finally, appellant contends that he lost any chance of being a father to Paul and that appellee Boldman's inaction caused him this prejudice.

Appellant cites two cases in support of his argument. The first case is *Park v. Ambrose* (1993), 85 Ohio App.3d 179, 185, 619 N.E.2d 469, 473–474, in which this district applied laches to bar a mother's claim for child support arrearage because the mother failed to file a parentage action before the child was twenty years old. We find that *Park v. Ambrose* is distinguishable from this case because appellant admitted paternity in 1994 when Paul was fifteen years old. Paul is still a minor, so appellant may still petition for visitation and become involved in Paul's life. Furthermore, longer delays in the prosecution of child support claims have been found to be acceptable in other cases. For example, a fourteen-year delay in asserting a right to child support arrearage did not constitute material prejudice in *Smith v. Smith*, 168 Ohio St. at 456, 7 O.O.2d at 281, 156 N.E.2d at 119–120, and in *Connin v. Bailey*, 15 Ohio St.3d 34, 15 OBR 134, 472 N.E.2d 328, a thirty-five-year delay in prosecuting a claim for a child support arrearage was excused. See, also, *Seegert v. Zietlow* (1994), 95 Ohio App.3d 451, 458, 642 N.E.2d 697, 701–702.

Appellant also cites *Wright v. Oliver*, 35 Ohio St.3d 10, 517 N.E.2d 883, in which the Supreme Court of Ohio rejected the application of laches to a parentage action where the putative father could not demonstrate material prejudice. This case supports a finding of no material prejudice here. In *Wright v. Oliver*, the parentage action was brought when the child was seven years old. The court held that the father's incurrence of obligations that he would not have undertaken if he had been held responsible for the child's support did not materially prejudice him. *Id.* at 12, 517 N.E.2d at 885–886.

This proposition has been emphasized in other suits for child support arrearages. For example, in *Smith v. Smith*, 168 Ohio St. at 457, 7 O.O.2d at 276, 156 N.E.2d at 120, the Supreme Court of Ohio stated that "[t]he mere inconvenience of having to meet an existing obligation imposed not only by statute but by an order or judgment of a court of record at a time later than that specified in such statute or order cannot be called material prejudice."

Furthermore, in *Kinney v. Mathias*, 10 Ohio St.3d at 74–75, 10 OBR at 362–364, 461 N.E.2d at 903–905, the Supreme Court found that a father who changed his financial position by marrying and having additional children did not demon-

strate substantial prejudice. In the case *sub judice,* appellant has been aware that he is Paul's biological father since 1994, and it is not unreasonable to require appellant to reorganize his plans for his financial future now.

Appellees submit another argument in support of the imposition of child support. Appellees contend that appellant waived any challenge to the payment of child support by paying $7,500 in child support arrears to the Ohio Department of Human Services. Appellees note, and we agree, that appellant's assertion of laches would be more persuasive if he had challenged the payment of the child support arrearage, which appellant did not do. Because appellant conceded that he was obligated to reimburse the Department of Human Services for back child support, it is difficult for him to convincingly assert that he is not obligated to continue to support Paul. The Supreme Court has noted that "parents have continuing support obligations to their children. * * * Society expects that those who bring children into this world will care for and attend to those children." *Bercaw v. Bercaw* (1989), 45 Ohio St.3d 160, 161, 543 N.E.2d 1197, 1199. See, also, *State ex rel. Newland v. Indus. Comm.* (1996), 74 Ohio St.3d 347, 351, 658 N.E.2d 776, 779, quoting *Bercaw.*

We conclude that the trial court did not abuse its discretion by finding that appellant was not materially prejudiced by appellees' failure to file the action for parentage or child support before Paul was thirteen. Accordingly, appellant's fourth assignment of error is overruled.

For all of the foregoing reasons, this court affirms the judgment of the trial court.

*Judgment affirmed.*

STEPHENSON, J., concurs.

PETER B. ABELE, P.J., concurs in judgment only.