[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated appeal from the Ashtabula County Court of Common Pleas, Juvenile Division. Appellant, Deborah Turner, appeals from a judgment overruling her claim for a child support arrearage for the period from February 17, 1980 to January 1983.
The following facts are derived from the parties' agreed statement of evidence pursuant to App.R. 9(D). On February 17, 1980, Courtney Turner was born. Her parents, appellant and appellee, Carson Jackson, were never married. The parties did not reside together in a single household from Courtney's birth until January 1983, but did co-habitate with Courtney from January 1983 until September 1995. From September 1995 until February 1997, appellant received direct payments of support from appellee.[1]
On December 11, 1996, the Ashtabula County Child Support Enforcement Administration (ACCSEA) set forth a voluntary order of paternity naming appellee the natural father of Courtney. The trial court adopted this finding of paternity, and named appellee as the residential parent. In a judgment entry filed on May 7, 1997, the trial court ordered appellee to pay $512.12 plus poundage in child support beginning February 1, 1997.
On July 14, 1997, appellant and ACCSEA filed a joint motion to modify child support and to recover child support arrearage for the period from Courtney's birth on February 17, 1980, until January 1983, when appellee began residing with appellant and Courtney. The matter proceeded to a hearing before a magistrate, but the hearing was not recorded in any manner. The magistrate decided that appellant's claim for back child support was barred by the doctrine of laches. Appellant filed timely objections to the magistrate's decision, asserting that it was an abuse of discretion to overrule her claim for a child support arrearage. In a judgment entry filed on December 8, 1997, the trial court adopted the magistrate's decision, but did not specifically overrule appellant's objections. However, in a judgment entry filed on January 8, 1998, the trial court both overruled appellant's objections and adopted the magistrate's decision.
Appellant timely filed a notice of appeal, asserting in her sole assignment of error that the trial court abused its discretion in applying the doctrine of laches in barring her claim for back child support.[2] The Supreme Court of Ohio has stated:
 "`Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence.'" Connin v. Bailey (1984), 15 Ohio St.3d 34, 35, quoting Smith v. Smith
(1957), 107 Ohio App. 440, 443-444.
The doctrine of laches is applicable to a paternity proceeding.Wright v. Oliver (1988), 35 Ohio St.3d 10, syllabus. In order to successfully invoke laches, a party must show material prejudice resulted from an unreasonable delay. Seegert v. Zietlow (1994),95 Ohio App.3d 451, 457. See, also, State ex rel. Donovan v.Zajac (Dec. 31, 1997), Geauga App. No. 96-G-2006, unreported, at 6. A trial court decision regarding the applicability of laches will not be disturbed on appeal in the absence of an abuse of discretion. Donovan, supra, at 6-7.
Initially, we agree that the delay of seventeen years was unreasonable under these facts because this court has held that a delay of eighteen years was unreasonable in the laches context.Id. at 7. Other courts have held that similar delays are unreasonable. Feree v. Sparks (1991), 77 Ohio App.3d 185, 188
(eighteen years); Davis v. Davis (Sept. 12, 1995), Morrow App. No. CA 817, unreported, at 6-7, 1995 Ohio App. LEXIS 4647 (eleven years). Moreover, appellant resided with appellee for twelve years; thus, appellee's location was obviously known throughout this entire period for purposes of establishing a claim for child support. We perceive no facts that excuse this delay.
The second issue is whether appellee suffered material prejudice as a result of the delay. One of the types of material prejudice that would suffice is "a change in the defendant's position that would not have occurred had the plaintiff not delayed in asserting her rights." Donovan, supra, at 7.
In the present case, appellee obviously supported Courtney during the twelve years and nine months that he resided with her and her mother. Moreover, he voluntarily assisted in supporting Courtney after he no longer resided with her and appellant. Thus, it is possible that he would not have taken this appropriate course of action if he knew that he was going to be required to pay child support for the time period from 1980 to 1983. In summary, appellee changed his conduct in implicit reliance that he would not be required to pay this purported child support arrearage. Furthermore, we agree with the magistrate's conclusion that appellant "acquiesced in [appellant's] failure to pay support during the three year time period after the child's birth, prior to their thirteen year period of cohabitation." Therefore, the trial court did not abuse its discretion in determining that appellee's claim for a child support arrearage was barred by the doctrine of laches.
We also note that a laches analysis is a factually intensive inquiry and that issues involving laches must be decided on the specific facts of each case. State ex rel. Scioto Cty. ChildSupport Enforcement Agency v. Gardner (1996), 113 Ohio App.3d 46,57. Therefore, we distinguish this matter from two recent cases from this court involving a laches issue in relation to a claim of back child support.
First, in Donovan, the mother of the child told the father-appellant that she might be pregnant, implying that the appellant was the father. Seventeen years later, the mother sought back child support from the appellant, who raised the equitable defense of laches. The trial court rejected the appellant's laches argument, holding that although the delay was unreasonable, appellant had not demonstrated material prejudice. Reviewing the issue applying the abuse of discretion standard of review, we affirmed on the basis that the appellant had not demonstrated material prejudice as a result of the delay.Donovan, supra, at 8. Specifically, we rejected appellant's argument that he was materially prejudiced by being deprived of a meaningful relationship with his daughter because although the appellant had notice since before the child was born that he might have been the child's father, he never took steps to establish the father-child relationship that would have enabled him to have visitation with the child. Id. This case is readily distinguishable from Donovan because in this matter, appellant, despite the lack of an order of paternity, supported the child both while he was residing with the mother and daughter, and after he left that residence. He did not avoid the paternal relationship as the father in Donovan, but instead met his obligations voluntarily over a prolonged period of time.
Furthermore, in Roberts v. Roberts (July 17, 1998), Trumbull App. No. 97-T-0125, unreported, this court addressed a claim for back child support in which the father-appellant asserted that laches barred such recovery because the mother-appellee brought the claim in 1996 although the youngest child became emancipated in 1983. The appellant was ordered to pay child support as part of a divorce proceeding in 1968. Invoking the defense of laches, the appellant asserted that he was materially prejudiced by the unreasonable delay in bringing the action. Specifically, he argued that while he was living out of state, he had made some child support payments to the mother through his parents, who passed away before the mother made the claim for back child support. This court affirmed the trial court's rejection of the appellant's laches defense. Id. at 15. We reasoned that appellant's testimony regarding his payment of child support was not credible because it was in direct contradiction of the testimony of the appellee-mother, and he presented no testimony or evidence of any type corroborating that claim. Id. at 9. Furthermore, the appellant had "failed to demonstrate that any prejudice he suffered was necessarily material to the outcome of his case." (Emphasis sic.) Id. at 10. Thus, the factually specific analysis of Roberts turned on the lack of credibility of the appellant-father. Contrarily, in the case at bar, no credibility issues are apparent as the parties have stipulated to the material facts. In summary, bothRoberts and Donovan are readily distinguishable. Accordingly, appellant's assignment of error is not well-taken.
For the foregoing reasons, appellant's assignment of error is without. The judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is affirmed. ________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., concurs,
O'NEILL, J., concurs in judgment only.
[1] The parties' App.R. 9(D) statement of evidence states that "the parties and the child resided together for part of January, 1983, continuing until February, 1987, when paternity of the child was established." However, in our view, the date that the parties began to live apart for the second time cannot be February 1987 because paternity was established on December 11, 1996. Therefore, it is more likely that the parties resided together until September 1995, when appellee began voluntarily paying appellee some child support. This conclusion is supported by the magistrate's findings of fact.
[2] Appellee has not filed a brief in this matter. Also, ACCSEA is not a party to this appeal.