This is an appeal from the Washington County Court of Common Pleas. The trial court granted appellee's motion to modify child support and appellant takes this appeal designating one assignment of error.
 ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO FOLLOW O.R.C. 3113.215 IN THE PROPER COMPUTATION OF CHILD SUPPORT."
The parties were divorced in 1996. On January 28, 1998, appellant filed a motion in contempt, and on February 10, 1998, appellee filed a motion to modify the amount of child support. The contempt motion was handled separately and is not a part of this appeal. After a hearing, the court granted a modification and reduced the amount of child support from $2,186.48 to $1,423.75 per month.
Appellant contends that although appellee's income had dropped, the court erred in failing to find that the drop in income was voluntary or to impute income. Appellee has medical school debts of approximately $140,000.00 on which he pays $1,200.00 per month. Appellant asserts that the court erred in including the payments on the child support worksheet.
The standard of review in child support cases was set out by this court in our opinion in State ex rel. Scioto Child SupportEnforcement Agency v. Gardner (1996), 113 Ohio App.3d 46, 55,
 "An appellate court uses the abuse of discretion standard when reviewing matters concerning child support. Booth v. Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030-1031. A trial court will not be found to have abused its discretion unless its decision involves more than an error of judgment and can be characterized as unreasonable, arbitrary, or unconscionable. Id.; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482-483, 450 N.E.2d 1140, 1141-1142. When applying the abuse of discretion standard of review, an appellate court must not substitute its judgment for that of the trial court. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184-1185.
 "R.C. 3113.215 sets forth the guidelines a trial court must follow when calculating child support payments. This section provides a schedule and computation worksheet to be utilized in this determination. The amount of child support calculated pursuant to the child support schedule and worksheet is 'rebuttably presumed to be the correct amount of child support due,' and the court shall order that amount to be paid unless the court determines that the amount calculated is unjust or inappropriate and not in the best interests of the child. R.C. 3113.215(B)(1). See, also, Rock v. Cabral (1993), 67 Ohio St.3d 108, 110, 616 N.E.2d 218, 220-221; Marker v. Grimm
(1992), 65 Ohio St.3d 139, 141, 601 N.E.2d 496, 497-498. If the court determines that the application of the schedule and applicable worksheet is unjust or inappropriate and not in the child's best interest, the court may deviate from the amount of support directed by the schedule and worksheet. R.C. 3113.215(B)(3). The provisions of R.C. 3113.215 are to be strictly construed by the courts in order to ensure uniform, consistent, and fair child support orders. Id. at 143, 601 N.E.2d at 499. Failure to comply with the requirements of R.C. 3113.215 constitutes reversible error. Id.
We will first consider the contention that the trial court should have imputed income. Dr. Kerbyson had been in a partnership working 70 to 80 hours per week but withdrew from it. He now works three thirteen hour shifts per week at Quick Care at $60.00 per hour. While appellant characterizes this as voluntary under employment, in light of the attempts by the government and managed care companies to reduce medical costs including the amounts paid to physicians, we would not hold that the trial court abused its discretion by refusing to impute income to the 70 or 80 hour level.
Appellant states that payments on school loans are not mentioned in R.C. 3113.215 and therefore it is a deviation from the guidelines to include them in the worksheet calculations. While we agree that payments on school loans are not specifically mentioned, we disagree that a court may not consider them in arriving at an amount for child support.
The child support guidelines were intended by the legislature to be just that, guidelines not straight jackets. R.C. 3113.215
(B) provides,
 "(3) The court, in accordance with divisions (B)(1) and (2)(c) of this section, may deviate from the amount of support that otherwise would result from the use of the schedule and the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, in cases in which the application of the schedule and the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, would be unjust or inappropriate and would not be in the best interest of the child. In determining whether that amount would be unjust or inappropriate and would not be in the best interest of the child, the court may consider any of the following factors and criteria:
* * *
 "(p) Any other relevant factor." (emphasis supplied)
Appellant argues that school loans are not specifically mentioned, but it is clear that the legislature recognized that since people's circumstances are so different, the court should be able to consider any other relevant factor. Education loans and expenses are relevant.
Is it an abuse of discretion to include education costs in the worksheet calculations? We think definitely not. Education is still one of the best bargains around and almost always in the best interest of the child in the long term. Better educated people make more money as a rule, and thus there will be more money available to support the child as he grows and his needs become more expensive.
Appellant argues that there are thousands of parents who have education loans and this will set a bad precedent. We think it will set a good precedent. We live in a capitalist society where deferring spending in the near term in exchange for greater income in the long term is recognized as both worthwhile and beneficial. Educational expenses are deferred spending, and educational loans are negative deferred spending, but both bring the promise of greater income. It is not an abuse of discretion for a trial court to include this as "any other relevant factor," in calculating child support.
This is in keeping with the legislature's intent. The language of any other factor indicates the legislature's intent to rely on the courts' discretion in the division of property,Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, Cherry v. Cherry
(1981), 66 Ohio St.2d 348, or in awarding spousal support,Gulker v. Gulker (Aug. 6, 1996), Scioto App. No. 95 CA 2377, unreported; Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, andKaechele, supra. Clearly the courts are given a broad latitude to meet the differing circumstances of individual parents and children.
Although not in the record, this court would take judicial notice that the federal government is cracking down on deadbeat doctors who do not repay the student loans by insisting that the states not renew their licenses to practice. Appellant and the parties' children are enjoying the benefits derived from the income generated by appellee's medical education. That income is not all net, however, because one must consider the negative deferred spending — the loans.
We find no abuse of discretion by the trial court in making this reasonable determination in accord with R.C.3113.215(B)(3).
Based on the foregoing, the court finds that appellant's assignment of error is not well taken and is overruled.
JUDGMENT AFFIRMED
 JUDGMENT ENTRY
It is ordered that the judgment of the Washington County Court of Common Pleas is affirmed. Appellee shall recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J. Concur in Judgment and Opinion
For the Court:
 By: _____________________ Lawrence Grey, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Lawrence Grey, retired of the Fourth District Court of Appeals, sitting by assignment of the Ohio Supreme Court in the Fourth District.