[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
Appellant, Matthew L. Smith, appeals a judgment of the Common Pleas Court of Hancock County, Juvenile Division, wherein the court found Appellant to be the natural father of Anthony Bryant Smith, d.o.b. October 27, 1987, and entered a judgment against Defendant for retroactive child support in the amount of $41,833. In addition to appealing the judgment for back support, Appellant also appeals the trial court's calculation of current support, which was ordered in the amount of $400 per month. We reverse in part and affirm in part.
Appellant and Appellee, Shirley K. Smith, were involved in a brief intimate relationship that began in December 1986.[1]
The evidence reveals that Appellant was married at the time and that his wife was pregnant; Appellant broke off the relationship with Appellee in February 1987 in order to reconcile with his wife. Appellee discovered she was pregnant sometime after the affair ended.
Appellee did not reveal the news of her pregnancy to Appellant nor did she inform him of Anthony's birth, despite the fact that she knew of Appellant's whereabouts and worked with certain members of his family. Approximately two years after Anthony's birth, Appellant relocated to the state of Florida. Again, although the evidence demonstrates that Appellee could have ascertained Appellant's new address through family members, Appellee did not contact Appellant with regard to the child. In fact, it appears from the record that Appellant was unaware of the child's existence until Appellee initiated administrative paternity proceedings with the Hancock County Child Support Enforcement Agency ("HCCSEA") in the spring of 1997.
The parties submitted to genetic testing as part of the administrative proceedings. In September 1997, the test revealed that Appellant could not be excluded as Anthony's father and the HCCSEA administrative agent entered a finding of paternity. Thereafter, Appellee filed a complaint for paternity in the trial court on September 26, 1997, because the parties could not agree on several issues, including past and current child support and visitation.
A final hearing on the matter was conducted on February 17, 1998. On April 29, 1998, the magistrate issued a decision finding that Appellant was the natural father of the child. The magistrate rejected Appellant's laches argument and stated that Appellant was responsible for child support from the date of Anthony's birth in the amount of $41,833. The court also calculated current child support at $400 per month. Appellant filed objections to the magistrate's decision, which the trial court affirmed on October 6, 1998. Appellant then filed the instant appeal and the matter is now before this court for our consideration and review.
 Assignment of Error I In applying the doctrine of laches, the trial court erred as a matter of law in ordering the payment of retroactive child support when Appellant established that he had been materially prejudiced by being deprived of a father-child relationship with his son for over ten (10) years.
It is established that laches may be employed as an equitable defense to a paternity action. Wright v. Oliver (1988), 35 Ohio St.3d 10, syllabus. In order to properly invoke the doctrine of laches, appellant must demonstrate that he has been materially prejudiced by Appellee's delay in asserting the child support claim. Connin v. Bailey (1984), 15 Ohio St.3d 34, 35-36, Smithv. Smith (1959), 168 Ohio St. 447, paragraph three of the syllabus.
The decision to apply the doctrine of laches lies within the discretion of the trial court, and a reviewing court will not reverse that decision absent an abuse of discretion. State exrel. Scioto Cty. Child Support Enforcement Agency v. Gardner
(1996), 113 Ohio App.3d 46, 57.
Appellant contends that he is prejudiced by Appellee's ten-year delay in informing him of the existence of his son. Appellant asserts that this delay has denied him the opportunity to form a meaningful parental relationship with his son. We disagree.
In support of this argument, the appellant cites two cases. The first case is Ryan v. Osman (November 22, 1996), Lake App. No. 95-L-198, unreported, where the court of appeals applied laches in addressing a twelve year delay. We find that Ryan v. Osman is distinguishable because the material prejudice was a result of the father's change of status in health and income.
Appellant also cites Park v. Ambrose (1993), 85 Ohio App.3d 179, in which the court of appeals applied laches to the mother's claim where she failed to file a parentage action until the child was twenty years old. We distinguish Park v. Ambrose because the period of delay there prevented the father from any opportunity to contribute to the child's rearing during her formative years. Furthermore, the court refused to impute the mother's delay to the child and did not allow laches to defeat the child's claim for paternal support. In the present case, the child was eleven years old when paternity was established and Appellant herein still has the opportunity to become involved in his son's life.
The proposition urged by Appellant has been considered in other suits for child support arrearages. In Seegert v. Zeitlow
(1994), 95 Ohio App.3d 451, 458, the court of appeals addressed a nine year delay, and in State ex rel. Scioto Cty. Child SupportEnforcement Agency v. Gardner (1996), 113 Ohio App.3d 46, 58, the court of appeals addressed a thirteen year delay, finding in each case that there was no material prejudice to the father since the child had many formative years remaining.
We are not persuaded, from a review of the record, that Appellant has established the element of material prejudice. While we acknowledge the turmoil that Appellant has experienced as a result of recently learning that he has an eleven-year-old son, and are sympathetic to the father's loss of the opportunity to parent his son, we are not convinced that the doctrine of laches may, under these facts, be used to relieve the father of his duty to support his child. This action was brought within the statute of limitations provided in R.C. 3111.05, and the Appellant may now assert his parental rights over Anthony for his remaining childhood years. Thus, we find that the trial court did not abuse its discretion in refusing to apply the doctrine of laches to this case.
Appellant's first assignment of error is overruled.
 Assignment of Error II The trial court abused its discretion in finding that Appellant had earned gross income of $32,189.32 in 1997 when the parties had stipulated to Appellant's 1995 and 1996 W-2's [sic] and Appellant's 1997 year to date statement established income as of December 27, 1997 of $28,047.38.
Appellant argues that at the outset of the February 17, 1998 hearing, the parties stipulated that his gross income for 1997 was $28,047.38, in accordance with a year-to-date pay stub. Appellee, on the other hand, argues that the parties stipulated to the income figures as set forth in a completed child support worksheet. Based upon the present condition of the record, we find that neither argument has merit.
It is axiomatic that a reviewing court is limited to the record from the lower court. State v. Ishmail (1978), 54 Ohio St.2d 402;In re Cross (1993), Hamilton App. No. C-920113, unreported. In this case, the worksheet and the year-to-date pay stub were apparently furnished to the court at the conclusion of the hearing. However, these documents were not marked for identification nor were they properly admitted into evidence, thus, they are not a part of the record on appeal. Id.
Therefore, we find that the trial court abused its discretion in calculating Appellant's current child support obligation since the record is devoid of any evidence of Appellant's gross income.
Appellant's second assignment of error is sustained.
 Assignment of Error III The trial court abused its discretion by including day care expenses and medical insurance cost [sic] in the child support calculation for Appellee for the years 1989 through and including 1996 for there was no testimony or other evidence submitted to establish that the Appellee either paid for day care or medical insurance in any of the aforementioned years.
Appellant argues that the trial court erred by including child-care and medical insurance expenses in the calculations for retroactive support for the years 1989 through 1996 because the evidence does not support such action. We agree and find that Appellant's argument has merit.
A thorough review of the February 17, 1998 hearing transcript demonstrates that there is an absence of evidence regarding day care or health care expenses for the aforementioned years. Appellee testified that she paid her mother $40 per week for day care in 1988; she also testified that she currently pays $45 per week for babysitting services. However, Appellee did not testify as to the specific amounts that she has incurred for child-care services for the interim years. Appellee's testimony also wholly fails to address the issue of health care expenses through the years since the child was born. Additionally, we note that Appellee's interrogatory answers, which were properly admitted into evidence, merely state that Appellee has been the sole provider for Anthony since the child's birth; the interrogatories do not address specifics.
Based upon the foregoing, we find that the trial court abused its discretion by including day care and health care expenses in the child support calculations for the years 1989 to 1996.
Appellant's third assignment of error is sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we reverse the judgment of the Court of Common Pleas of Hancock County, Juvenile Division, insofar as it relates to the calculation of current and retroactive child support and remand the matter for further proceedings. The remainder of the judgment is affirmed.
Judgment reversed in part, Affirmed in part and causeremanded.
BRYANT, P.J., concurs.
[1] We note that although Appellant and Appellee share the same last name, the two have never been married nor are they related in any way.