OPINION
Defendant-appellant, Ronald Little, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding that he had a substantial child support arrearage, and ordering that he pay increased child support to pay off this arrearage.
Ronald and Allison Porter divorced in 1983. Their daughter, Amanda Rae Little, was nine months old at the time. Allison received sole custody of Amanda, and Ronald was ordered to pay $40 per week, plus poundage, in child support. The support order did not specifically state that Ronald was to pay the child support through a state agency.
In both 1984 and 1985, the then Bureau of Support filed contempt actions against Ronald claiming that he was in arrears. The 1985 filing alleged that he was almost $3,000 in arrears. No other action was taken by a state agency in the case until 1997, when the Child Support Enforcement Agency ("CSEA") again reviewed the case.
In the meantime, Ronald moved to Texas soon after the divorce. In 1985, he married his present wife, Jeannette Little. After moving to Texas, Ronald made support payments to Allison through his mother, Barbara Little. Barbara helped as Amanda's caretaker when Allison was at work, but she stopped helping after Amanda turned ten years old. After that time, Ronald sent checks directly to Allison.
In 1997, Allison requested that CSEA look at the case to collect arrearages. She claimed that Ronald had not made child support payments. CSEA filed an income withholding order for $40 per week, plus poundage. In 1998, CSEA increased the child support amount to $99 per week, plus poundage, because of the arrearages and increases in Ronald's wages. Amanda became emancipated at about this time.
Ronald requested a mistake of fact hearing, which resulted in a determination that there were no errors in the arrearage notice. He then appealed to the trial court. He disagreed that there was a support arrearage. He argued that he had paid his child support directly to Allison because he did not know that he had to pay through a state agency. He presented records showing that he had paid approximately $5,900 to Allison. Ronald claimed he could not provide further documentation because many of his records became lost or destroyed as he moved around Texas.
The magistrate filed a report finding that the term "poundage" in the original order placed Ronald on notice that his support payments had to be made through CSEA. Ronald was credited with $5,875 in support payments, the amount for which he provided records. He was determined to owe an arrearage balance of $24,192.19. The magistrate found that neither Allison nor CSEA were barred by laches from bringing the arrearage action because they had taken steps to ensure Ronald's payment, and because Ronald had not suffered any prejudice due to the delay in bringing the action.
Ronald filed objections to the magistrate's report. The trial court overruled his objections and affirmed the magistrate's decision. Ronald appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT HELD THAT THE DOCTRINE OF LACHES WAS INAPPLICABLE TO HIM.
Ronald contends that he is not liable for his support arrearages. He argues that Allison and CSEA's delay in action prejudiced him because he had no notice of his alleged arrearage.
The decision of the trial court concerning child support matters will be reversed only if it is an abuse of discretion.Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390. "Abuse of discretion" connotes that the trial court's judgment was unreasonable, arbitrary, or unconscionable. An abuse of discretion will be found where the trial court's decision is without a reasonable basis or is not supported by competent, credible evidence. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,401.
Laches is an omission to assert a right for an unreasonable period of time, without explanation, which results in material prejudice to the adverse party. State ex rel. Wean United, Inc.v. Indus. Comm. (1993), 66 Ohio St.3d 272, 275. During the delay in the assertion of rights, the complainant must have knowledge or notice of the adverse party's conduct and have had opportunity to institute suit. Kinney v. Mathias (1984), 10 Ohio St.3d 72, 74. The determination of whether laches is applicable in a given case as well as of the weighing of evidence are factual determinations.Id. Application of the doctrine of laches is within the sound discretion of the trial court. Allen v. Allen (1990), 62 Ohio App.3d 621,624. Nonetheless, the general rule is that laches can be imputed against neither the state generally, Ohio State Bd. ofPharmacy v. Frantz (1990), 51 Ohio St.3d 143, paragraph three of the syllabus, nor CSEA when attempting to recover payment for back child support. State ex rel. Scioto Cty. v. Gardner (1996),113 Ohio App.3d 46, 57.
Under Frantz and Gardner, Ronald may not avail himself of the defense of laches as to any delay by Allison and CSEA in attempting to collect the child support arrearage due Allison. Even if laches were applicable, the trial court determined that Allison and CSEA had taken some action over the years to notify Ronald of the arrearage or to collect the arrearage. Although the trial court did not express complete disbelief of Ronald's claim that some of his records were destroyed, the trial court concluded that Ronald had not fully paid his child support and that he was aware of his failure in this regard. The trial court credited him for that amount he proved was paid. This was not error.
Although we do not agree with the trial court that the term "poundage" in the 1983 order alone provided Ronald notice that payments were to be made through the CSEA, Ronald was aware of his obligation. The evidence showed that there was an apparent arrearage.[1]
The record supports the decision of the trial court. Ronald was aware of his obligations, and laches was not applicable to the instant action. The assignment of error is overruled.
POWELL, P.J., and WALSH, J., concur.
[1] We must recognize an unsettling aspect of this case. CSEA has a demonstrated history of not taking action for considerable amounts of time. In a more extreme case, this court refused to allow CSEA to enforce an action against a delinquent child support obligor to collect funds due to state agencies which had failed for many years to collect the amounts when due. SeeStump v. Stump (Jan. 24, 2000), Butler App. No. CA99-03-064, unreported.