OPINION
{¶ 1} Appellant, David Bertrand ("Bertrand"), appeals the decision of the Clermont County Court of Common Pleas, Juvenile Division, ordering him to pay child support. We affirm the juvenile court's decision.
 {¶ 2} Bertrand and appellee, Terri Newbauer ("Newbauer"), are the parents of Nicole Bertrand ("Nicole"), born June 11, 1993. Other than a period of approximately six months following Nicole's birth, Bertrand and Newbauer have not resided together. However, they maintained a romantic relationship until 1999, when Newbauer began dating her future husband. Nicole lived with Newbauer throughout this time, though Bertrand consistently visited Nicole and remained a significant presence in her life.
 {¶ 3} In August 2000, Newbauer filed a complaint to allocate parental rights and responsibilities. The juvenile court subsequently granted Newbauer residential parent status, while granting Bertrand visitation. The juvenile court issued a current child support order to be effective in October 2000.
 {¶ 4} In January 2001, a hearing was held before a magistrate to determine whether Bertrand owed child support for the time period from June 1993 to October 2000. Based on testimony at the hearing, the magistrate determined that Bertrand owed child support in the amount of $600 for each year from 1995 to 1998. The magistrate did not order Bertrand to pay child support for the years 1993, 1994, 1999, and 2000.
 {¶ 5} The juvenile court judge initially adopted the magistrate's decision. However, Newbauer subsequently filed objections. After considering these objections, the juvenile court judge modified the magistrate's decision. The judge determined that Bertrand owed child support for the time period from April 1994 to October 2000. The judge ordered this child support to be calculated according to the parties' then-existing incomes and expenses.
 {¶ 6} Bertrand now appeals the juvenile court's decision, assigning two errors.
 Assignment of Error No. 1: {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN REVERSING THE MAGISTRATE'S DECISION REGARDING THE ISSUE OF RETROACTIVE CHILD SUPPORT."
 {¶ 8} In this assignment of error, Bertrand makes two argu ments. First, he argues that the juvenile court's actions in first adopting and then modifying the magistrate's decision constituted an abuse of discretion. Second, he argues that the doctrine of laches should have been applied in this case.
 {¶ 9} A trial court has considerable discretion in formulating a support award and the court's discretion will not be disturbed absent an abuse of discretion. Dunbar v. Dunbar, 68 Ohio St.3d 369, 371,1994-Ohio-509; Booth v. Booth (1989), 44 Ohio St.3d 142, 144.
 {¶ 10} Civ.R. 53(E)(4)(b) states as follows:
 {¶ 11} "The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. * * *."
 {¶ 12} The juvenile court's actions in first adopting the magistrate's decision and then modifying that decision after considering objections are explicitly permitted by Civ.R. 53(E)(4)(b). According to the rule, the juvenile court could rule on the magistrate's decision, and then later, after considering objections subsequently filed, vacate, modify, or adhere to the magistrate's decision. Therefore, the juvenile court did not abuse its discretion.
 {¶ 13} We also find no abuse of discretion in the juvenile court's ultimate decision. At the hearing before the magistrate, Bertrand provided no evidence beyond his own testimony that he supported Nicole for the years 1994 through 2000. While Bertrand testified that he provided Nicole with clothes and "anything she needed," Bertrand provided no documentation at the hearing supporting this claim. The record lacks evidence that Bertrand provided significant support for expenses incurred by Newbauer, such as daycare, health insurance, and food. After a careful review of the record, we do not find that the juvenile court's decision was an abuse of discretion.
 {¶ 14} We now address Bertrand's laches argument. "In pleading to a preceding pleading, a party shall set forth affirmatively * * * laches * * * and any other matter constituting an avoidance or affirmative defense." Civ.R. 8(C). "An affirmative defense is waived under Civ.R. 12(H), unless it is presented by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15." State ex rel. The PlainDealer Publishing Co. v. Cleveland, 75 Ohio St.3d 31,33, 1995-Ohio-0594. The defense of laches may not be raised for the first time on appeal. State ex rel. Spencer v. East Liverpool PlanningComm., 80 Ohio St.3d 297, 299-300, 1997-Ohio-0555.
 {¶ 15} The record shows that Bertrand did not raise the defense of laches in the pleadings. Bertrand concedes in his appellate brief that he did not raise the defense in the pleadings, or at any other time before the lower court. Therefore, Bertrand has waived the defense of laches and cannot now raise it on appeal.
 {¶ 16} Accordingly, Bertrand's first assignment of error is overruled.
 Assignment of Error No. 2: {¶ 17} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO DETERMINE THAT COUNSEL WAS INEFFECTIVE."
 {¶ 18} In this assignment of error, Bertrand argues that his counsel during the magistrate's hearing was ineffective because he failed to "properly present" Bertrand's case. In support of his argument, Bertrand states that his counsel failed to present any documentation that Bertrand supported Nicole, and that he failed to raise the defense of laches.
 {¶ 19} Citing GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, Newbauer argues that there is no constitutional right to effective assistance of counsel in civil proceedings. Newbauer states that "an injured party's remedy for inefficient legal counsel is against the attorney in a suit for malpractice." GTE Automatic, at 152.
 {¶ 20} While it is generally true that there is no right to the effective assistance of counsel in civil matters, it is not true in proceedings before a juvenile court in Ohio. Juv.R. 4(A) states that "[e]very party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. * * *."
 {¶ 21} Additionally, R.C. 2151.352 provides as follows:
 {¶ 22} "A child or the child's parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152 of the Revised Code and if, as an indigent person, any such person is unable to employ counsel, to have counsel provided for the person pursuant to Chapter 120 of the Revised Code."
 {¶ 23} This court and other Ohio courts have found that the right to counsel under R.C. 2151.352 encompasses the right to the effective assistance of counsel. See, e.g., In re Brodbeck (1994),97 Ohio App.3d 652, 657; In the Matter of Eskins (July 13, 1998), Butler App. No. CA97-10-199; In the Matter of Coffey (Jan. 26, 1998), Madison App. No. CA97-05-021; Hunter v. Harrison (Mar. 30, 1995), Cuyahoga App. No. 67287. In analyzing whether a parent has received the effective assistance of counsel in a juvenile proceeding, the standard for effective assistance of counsel in a criminal context has been utilized. Id.
 {¶ 24} In order to establish a claim of ineffective assistance of counsel in a criminal context, it must be shown that an attorney's performance was deficient and prejudicial. Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052. In order to establish deficient performance, a defendant must show that, under the totality of the circumstances, counsel's representation fell below an objective standard of reasonableness. Strickland at 688. A court "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689. In order to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the proceeding. Id.
 {¶ 25} Bertrand first argues that his counsel before the magistrate was ineffective because he failed to introduce into evidence any documentation showing that Bertrand paid child support. However, it is not clear from the record that any such documentation existed. Bertrand himself stated at the hearing before the magistrate that he "didn't keep a record" of any of the payments he made to Newbauer to benefit Nicole. Bertrand's claim for ineffective assistance of counsel is therefore purely speculative. Based on the record before us, we cannot say that the performance of Bertrand's trial counsel fell below an objective standard of reasonableness.
 {¶ 26} Bertrand also argues that his counsel before the magistrate was ineffective because he failed to raise the defense of laches. Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances materially prejudicial to the adverse party. Connin v. Bailey (1984), 15 Ohio St.3d 34, 35. Delay in asserting a claim does not, in itself, satisfy a showing of material prejudice.Kinney v. Mathias (1984), 10 Ohio St.3d 72, 75. It has also been held that a party's incurrence of financial obligations that the party would not have undertaken if responsible for child support does not constitute the requisite "material prejudice" for a laches defense. Wright v.Oliver (1988), 35 Ohio St.3d 10, 12; State ex rel. Scioto Cty. ChildSupport Enforcement Agency v. Gardner (1996), 113 Ohio App.3d 46, 58; Inre O'Herron (July 7, 2000), Montgomery App. Nos. 18213, 18214.
 {¶ 27} We find that Bertrand has not shown that there is a reasonable probability that the juvenile court's decision would have been different had his trial counsel raised a laches defense. Bertrand has not demonstrated that there is a reasonable probability he could have shown "material prejudice" on account of Newbauer's delay. In his appellate brief, Bertrand only claims that he was prejudiced because he would have conducted his financial affairs differently if he would have known that he would later be subject to a child support order. Bertrand has consequently not shown a reasonable probability that he could have shown "material prejudice" under the applicable case law. See Wright; Gardner; and O'Herron. Compare Shockey v. Blackburn (May 17, 1999), Warren App. No. CA98-07-085 (father showed material prejudice where mother delayed nine and a half years in bringing suit, during which father made good faith effort to support child by paying over $45,000, and helped with additional expenses like purchase of chair lift and van).
 {¶ 28} Bertrand's claim of ineffective assistance of counsel fails the Strickland test. Accordingly, Bertrand's second assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.