**JACKSON, ET AL, Plaintiffs-Appellees, v MARSHALL, ET AL, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 1919. Decided April 24th, 1947.

Hyers, Leyland & Patterson, Dayton, for plaintiffs-appellees.

Joseph N. McGrath, Dayton, for defendants-appellants.

## OPINION

By WISEMAN, PJ.:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County, Ohio, reviving a judgment against the defendants-appellants, Gale R. Maury and Nettie B. Maury. The error assigned is that the order reviving said judgment is contrary to law.

The action was originally brought in 1932 by Davis S. Jackson and Margaret K. Jackson against Henrietta F. Marshall and others, in which a money judgment was sought and foreclosure of a mortgage on a certain tract of land which had

been sub-divided and platted and the lots sold to various persons, all of whom were made parties-defendant. The defendants, Gale R. Maury and Nettie B. Maury purchased four lots from the Marshalls' and in the deed, as part consideration, the Maurys assumed and agreed to pay $1,000.00 of said blanket mortgage and the taxes and assessments.

Judgment was taken for money due, and the property ordered foreclosed. A Special Master Commissioner was appointed to conduct the sale of all the lots in question. Only four lots were sold; the four lots owned by the Maurys and other lots owned by other persons were not sold for the want of bidders. No further effort was made to effect a sale. The money judgment became dormant.

Subsequently the plaintiff, Margaret K. Jackson, died, leaving the plaintiff, Davis S. Jackson, as her surviving spouse, and sole heir-at-law, who died testate in 1944. The Third National Bank and Trust Company of Dayton, Ohio, was appointed Executor of the last will and testament of Davis S. Jackson.

The record shows that Gale R. Maury was adjudged a bankrupt and received his discharge in bankruptcy in August, 1940. The trial court found that the Trustee in Bankruptcy recognized the mortgage lien of the plaintiffs and because of said lien and the taxes due on said lots, the Trustee disclaimed all interest in the real estate. There is no Bill of Exceptions before the court. In the absence of a Bill of Exceptions this court is required to hold that the finding of the trial court was properly supported by the facts.

Later the four lots owned by the Maurys were sold for delinquent taxes. The sum of One Thousand Three Hundred Forty-Nine and 51/100 ($1,349.51) Dollars was realized from the tax sale over and above the amount due for taxes.

On August 5, 1946, The Third National Bank and Trust Company, as Executor of the estate of Davis S. Jackson, filed a conditional order of revivor of the judgment. In this order it is first recited that The Third National Bank and Trust Company suggests the death of Margaret K. Jackson and Davis S. Jackson, and that it has been appointed, and is still acting as, the Executor of the last will and testament of Davis S. Jackson. The court thereupon ordered the said The Third National Bank and Trust Company as such Executor substituted as plaintiff to the judgment aforesaid. Then follows a conditional order of revivor of the judgment against the defendants, Gale R. Maury and Nettie B. Maury. The Maurys answered and set up the discharge in bankruptcy, that the plaintiffs should have sold the property under the order of

sale in the foreclosure suit, and that the plaintiffs should be required to exhaust the real property before obtaining an order reviving a personal judgment.

The trial court ordered the judgment revived against Nettie B. Maury for the full amount due, to-wit: Two Thousand Eleven and 25/100 ($2,011.25) Dollars. With respect to the defendant, Gale R. Maury, the trial court revived the judgment only to the extent of the amount of money realized from the tax sale, to-wit: $1,349.51, as this amount was covered by the lien of the plaintiff's mortgage. The trial court directed said amount to be paid to the Executor of Davis S. Jackson, and further ordered that "upon application of said amount to plaintiff's claim, the judgment as to the said defendant, Gale R. Maury, will be released."

Thus it appears the trial court recognized that the discharge in bankruptcy released the defendant, Gale R. Maury, from any personal liability under the judgment. The mortgage lien, held by the plaintiff also was recognized and the court very properly ordered the amount realized from the tax sale applied in satisfaction of said lien. This was the extent of the liability of the defendant, Gale R. Maury. The trial court so held and ordered the judgment released against Gale R. Maury upon the payment of the $1,349.51.

The defendants-appellants contend that the court was without authority to substitute the said The Third National Bank and Trust Company Executor under the will of Davis S. Jackson as party-plaintiff, as more than one year had elapsed after the death of Davis S. Jackson. **Sec. 11411 GC**, in part, provides:

"An order to revive an action in the name of the representative or successor of a plaintiff may be made forthwith, but shall not be made, of right, without the consent of the defendant after the expiration of one year from the time it might first have been made."

It is conceded that the order of revivor was filed more than one year after the time it might first have been made, and that the defendant did not consent thereto. It has been held that the provisions of §11411 GC are not exclusive. Regardless of the provisions of §11411 GC the court has discretion, after the period of one year has expired, to revive the action in the name of the personal representative of the deceased plaintiff. **Pavey v Pavey, 30 Oh St 600; Black v Hill, 29 Oh St 86;** Barr v Chapman, 11 C. C. 196. See also Tuttle v King, 13 N. P. (N. S.) 547, and Morris v Schmidt, 8 N. P. (N. S.) 215.

Thus we find the law to be that upon the suggestion of the death of Davis S. Jackson the court had authority to substitute his Executor as party-plaintiff, under the provisions of §11261 or §11402 GC.

The order substituting the Executor as party-plaintiff, although done in the same entry in which the court made a conditional order of revivor of the judgment, was a complete and final order in itself. It was not conditional, but final. The better practice would have been to have filed a separate order; however, the fact that both orders were part of the same entry does not change the legal effect of the action of the court. The court very properly exercised its discretion in ordering the substitution.

Since the rights of innocent parties have not intervened, we are of the opinion that the plaintiff cannot be charged with laches in failing to sell the property under the order of sale, and in permitting said property to be sold at tax sale. The regularity and the validity of the tax sale is not in question.

The defendants-appellants, in their supplemental brief, raise a question which would have been a defense in the original action. Where the court rendering the judgment had jurisdiction of the parties and subject matter, a defense which could have been set up in the original action cannot be set up in a proceeding to revive the judgment. We cannot in this proceeding recognize such a defense. **Vol. 23 O. Jur. page 1103, Sec. 929.**

Finding nonprejudicial error in the record, the judgment of the trial court is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## MOTION TO DISMISS APPEAL.

### Decided April 24th, 1947.

### OPINION

By THE COURT:

Submitted on motion of plaintiffs-appellees to dismiss the appeal on the ground that no Bill of Exceptions has been filed, and that the time for filing the same has now expired.

The questions raised by this appeal are such as may be presented by the transcript of the docket and journal entries. A Bill of Exceptions is not required to present the error complained of. The motion will be overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.