**SMITH, Plaintiff-Appellant, v. SMITH, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24213. Decided December 6, 1957.

William A. Vidmar, for plaintiff-appellant.
Richard H. Woods, for defendant-appellee.

(HUNSICKER, PJ, DOYLE and STEVENS, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By DOYLE, J.:

In this appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County, we are concerned primarily with the propriety of a ruling denying a motion for a lump-sum judgment for unpaid overdue installment payments for the support of a minor child pursuant to a court order in a divorce action; and, as incident thereto, what is the law or what should be the law applicable to securing such lump-sum judgment when the divorced wife has delayed for fourteen years after the last payment was due in bringing her suit.

The following facts are important. We state them chronologically:

December 15, 1936. Katherine E. Smith (appellant here) was granted a divorce from Earl O. Smith (appellee here), and in the entry the husband, Earl, was ordered to pay seven dollars a week for the support of a minor son until the son reached the age of eighteen years.

January 13, 1942. The minor child attained the age of eighteen years.

October 23, 1956. The following motion was filed in the divorce action of 1936 by the creditor-wife:

"Now comes the plaintiff and moves the court for judgment on the order of support granted in the above-entitled action for the reason that the said defendant failed to pay any sum whatsoever upon said order."

October 24, 1956. A copy of the above motion was duly served on the former husband and father.

March 1, 1957. The motion for lump-sum judgment on order for support was overruled.

April 24, 1957. The motion for a new trial and for a rehearing was denied.

Upon hearing it was argued by counsel for the former husband that the court had no longer jurisdiction to entertain the motion because the child was over eighteen years of age, and as a consequence the jurisdiction of the court had terminated. The rule of law known as "laches"

was also argued. The factual question of payment was not before the court, and, for the purposes of this decision, we are justified in assuming that the former husband and father was in complete default.

The record does not reveal the basis for the ruling of the court in denying the motion, but it does show that the child was twelve years of age on January 13, 1936, which would have made him eighteen years old on January 13, 1942; and the motion for a lump-sum judgment was filed more than fourteen years later, on October 23, 1956.

In **Roach v. Roach, 164 Oh St 587, at p. 590,** the Supreme Court of' this state declared that:

"* * * an order to pay installments for * * * support of minor children, incorporated in a decree of divorce, is a 'judgment' for the amount of the installments which are accrued and due, within the definition of that term as contained in * * * §2323.01 R. C. **Armstrong v. Armstrong, 117 Oh St 558,** 160 N. E., 34; **McPherson v. McPherson, 153 Oh St 82, 90,** N. E. (2d), 675."

**Sec. 2323.01 R. C.,** to which reference is above made, in so far as pertinent, reads: "A judgment is the final determination of the rights of the parties in action."

It follows, we believe, that execution may issue to enforce payment of each **single** installment as it falls due. However, as to a multiple of due and unpaid installments, under the execution statute in this state (§2329.09 R. C.), such unpaid and delinquent installments must be added together and reduced to a lump-sum judgment before execution may issue thereon. This pronouncement is reflected in the syllabus of Roach v. Roach, supra. It is:

"2. Where a court in a divorce action makes an order for the support of a minor child of the parties, payable in installments, over which order the court retains expressly or by implication continuing jurisdiction, such order must be reduced to a lump-sum judgment as to unpaid and delinquent installments before an execution may be lawfully levied thereunder."

Therefore, under the facts of the instant case, it became necessary to total the installments in default and secure a single judgment for the entire amount before execution could be levied. This is what the motion attempted to accomplish.

In some jurisdictions, statutes relating to dormancy or limitations have been applied to alimony and child support judgment; however, in this state such statutes are deemed to be inapplicable.

For instance, in **Lemert v. Lemert et al, 72 Oh St 364, 74 N. E. 194,** the second paragraph of the syllabus observes:

"2. Such decree for alimony does not become dormant because of the failure to issue execution thereon for more than five years."

And in **DeCamp v. Beard, Exr., 94 Oh Ap 367,** at **p. 372,** the court stated:

"In considering this question we must keep in mind the fact that judgments for support payable in installments have the same legal standing and effect as judgments for alimony payable in installments.

"Such judgments for support, therefore, come within the purview

of the decision of the Supreme Court in the case of **Lemert v. Lemert, 72 Oh St 364, 74 N. E., 194, 106 Am. St. Rep., 621,** wherein it was held that a judgment of this character is not one subject to becoming dormant or subject to revivor under sections of the General Code relating to dormant judgments and the revivor thereof."

From the above observations, it appears obvious that Ohio case law reflects the rule that a judgment in a divorce and support action for installment payments for the support of a minor child possesses such finality as to warrant an action upon it as to amounts or installments already due, and therefore not subject to change or modification (**McPherson v. McPherson, 153 Oh St 82**), and that such action upon such judgment is not subject to Ohio statutes relating to the revivor of judgments or to any statute of limitations.

We expressly disapprove of the following statement in **20 O. Jur. 2d, Equity, Sec. 89,** at p. 184: "A divorced wife who after default by her husband in payments of support money as ordered makes no demand and takes no action for eleven years is guilty of laches." (We recognize, however, that this statement reflects the holding in **In re Shipley, 26 O. O. 217, 38 Abs 181.**)

An action of this nature may be brought in an independent suit in the Court of Common Pleas; or it may be maintained by motion in the original suit after proper notice to the delinquent party, on the theory that the court retains, by implication, jurisdiction to reduce its installment orders for payment to a lump-sum judgment upon which execution may later issue.

The judgment under review will be reversed, and the cause remanded to the Court of Common Pleas for trial.

Reversed and remanded.

HUNSICKER, PJ, STEVENS, J, concur.