**WISE, n.k.a. Hanna, Appellee,**

v.

**WISE, Appellant.**

[Cite as *Wise v. Wise* (1993), 86 Ohio App.3d 702.]

Court of Appeals of Ohio,
Butler County.

Nos. CA92–07–126, CA92–07–135.

Decided March 15, 1993.

*Rathman, Combs, Schaefer & Kaup* and *Gary H. Kaup,* for appellee.

*John A. Whittington,* for appellant.

JONES, Presiding Judge.

Defendant-appellant, Brian Dean Wise, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding him liable for a child support arrearage.

The record indicates that appellant and plaintiff-appellee, Kimberly Faye Wise, n.k.a. Hanna, were divorced in 1983. Custody of the parties' minor child, Shanda, was awarded to appellee's parents, Ronald and Alice Hall. Pursuant to the divorce decree, appellant was ordered to pay the Halls $25 per week in child support.

Appellant made the required support payments until the summer of 1985. At that time, the Halls informed him that he need not make further payments. Appellant thereafter discontinued the payments.

In August 1985, Shanda was sent to California to live with appellee. The move was made without a court-ordered change of custody and without appellant's knowledge. Nonetheless, appellant located appellee and Shanda and kept in regular contact with the child. Appellant also arranged for periodic visitation. There is evidence in the record that appellee informed appellant that she did not want him to pay any further child support.

Shanda remained in California with appellee until August 1991. Appellee then sent the child back to Ohio to live with appellant. On October 10, 1991, appellant filed a motion for change of custody and for child support. That motion was granted by the trial court in an order made effective February 14, 1992.

On March 5, 1992, appellee filed a motion to set specific visitation. Then, on March 20, 1992, she filed a motion for the court to offset her child support obligation with the amount of arrearage owed by appellant. Hearings on the motions were conducted before a referee on March 9, 1992 and April 6, 1992.

In a report filed April 7, 1992, the referee recommended that appellee's obligation be offset by appellant's arrearage in the amount of $3,900. The referee found that Ronald Hall had in effect assigned his right to receive the

payments to appellee and that therefore appellee was owed such payments. The parties filed objections to the referee's report, and on June 22, 1992, the trial court overruled those objections and entered judgment in accordance with the referee's report.

Appellant brings the instant appeal, setting forth the following sole assignment of error:

"The trial court erred to the prejudice of defendant/appellant by determining there was a child support arrearage of at least $3,900.00 owing to maternal grandfather, Ronald Hall, and which support obligation had been assigned to plaintiff/appellee for collection. The trial court's decision is unsupported by the evidence."

Appellant argues that the trial court erred in finding him liable for the child support arrearage. He first contends that because the Halls and appellee informed him that he need not make any further payments, he was relieved of his liability for child support.[1]

We do not find appellant's argument to be persuasive. Appellant's child support obligation did not cease simply because the Halls and appellee purported to relieve him of that burden. As noted by appellee, Ohio law recognizes " '[t]he natural duty of the parents to provide their children with suitable shelter, food, and clothing until they are able to support themselves. * * * A father's obligation to support his children is considered to be a duty owed to the state as well as to his minor children, since, if the father fails to fulfill his obligation there is a distinct possibility that the state will have to assume that obligation and that the children will be supported at public expense.' " *Nelson v. Nelson* (1990), 65 Ohio App.3d 800, 804, 585 N.E.2d 502, 504, quoting 47 Ohio Jurisprudence 3d (1983) 67–69, Family Law, Section 608. As such, it was not within the power of the maternal grandparents to relieve appellant of his duty to support Shanda. For the same reasons, the trial court properly found that appellee's renunciation of the payments did not relieve appellant of his duty of support.

We note that there are cases in which courts have recognized the validity of agreements whereby a parent is relieved of liability for child support. However, such agreements have been held valid only to the extent that the child support

---

1. Appellant also makes the somewhat anomalous argument that, if he is liable for support, it is in the amount of approximately $9,100 rather than $3,900. However, the $3,900 figure is supported by the record, as the trial court apparently credited appellant with the amounts that he had spent on airfare to and from California and for related expenditures. Concluding that the court's decision as to the arrearage figure is supported by competent, credible evidence, we decline to disturb its finding. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

obligation is redistributed from one parent to another, and not terminated or abandoned. See *Crow v. Crow* (Apr. 16, 1990), Butler App. No. CA90–06–087, unreported, at 6, 1990 WL 44218. Further, the courts have held that such agreements must be supported by consideration. *Id.; Rhoades v. Rhoades* (1974), 40 Ohio App.2d 559, 69 O.O.2d 488, 321 N.E.2d 242.

In the case at bar, we do not find an enforceable agreement to limit appellant's liability for support. Even if the arrangement in the instant case could be characterized as an agreement to redistribute the support obligation, appellant has not pointed to any evidence in the record indicating that there was consideration for the agreement. As such, appellant has failed to demonstrate that he was contractually relieved of his duty of support.

■ Appellant next argues that the court erred in finding that the right to receive the child support payments had been assigned to appellee by the Halls. He maintains that since he was ordered to pay only the Halls, and not appellee, the court erred in offsetting the support obligations.

This argument is not well taken. The trial court reasonably held that when custody of Shanda went to appellee, the duty of support followed the child. It is true, as appellant contends, that there was no court order requiring him to pay appellee support. There was, however, an order requiring him to support Shanda, and the trial court reasonably found that even though Shanda had entered the custody of appellee, appellant was nonetheless obligated to support the child. There is evidence in the record that appellee had a need for support payments and appellant has not demonstrated any prejudice in owing appellee, rather than the maternal grandparents, such support.

■ Finally, appellant contends that, even assuming he had a duty to pay child support, any claim for such support was barred by the doctrine of laches. The Supreme Court of Ohio has stated that " '[l]aches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence.' " *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 35, 15 OBR 134, 134–135, 472 N.E.2d 328, 329, quoting *Smith v. Smith* (1957), 107 Ohio App. 440, 8 O.O.2d 424, 146 N.E.2d 454. Delay itself does not give rise to the defense of laches, and in order to invoke the doctrine it must be shown that the person claiming the defense has been materially prejudiced by the delay of the person asserting the claim. *Id.*

In the instant case, appellant has demonstrated nothing more than that appellee has delayed asserting her claim for support. Though he makes the general contention that he adjusted his finances in the belief that he would not be liable for support payments, that contention is not supported by the record.

Finding no prejudice to have resulted from the delay, we further find that the doctrine of laches is inapplicable to the case at bar. Accordingly, appellant's assignment of error is overruled.

The decision of the trial court is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, concurs.

KOEHLER, J., concurs in part and dissents in part.

KOEHLER, Judge, concurring in part and dissenting in part.

Custody of the minor child was awarded to the maternal grandparents by agreement of the parties. Appellant was ordered to pay support to the custodian at the rate of $25 per week. For whatever reason, appellant did not pay as ordered, and a child support arrearage built until appellant was awarded custody of the child. When custody was granted to appellant, appellee-mother was ordered to pay $37.50 per week.

In most part, I concur with the majority's finding that appellant owed a child support arrearage, in the absence of any order of the court reflecting the alleged agreement between the maternal grandparents and appellant. However, I disagree with the majority in its finding that the sum owed to the maternal grandparents could be assigned to appellee-mother herein. In the absence of legislative enactment authorizing such assignment of a child support obligation, thereby establishing a public policy consideration, there is no authority for such a determination. This court cannot declare such public policy.

One must ask—could such child support arrearage be treated as any other assignment of claims and still be compatible with public policy? In this cause, would the alleged assignment be treated the same had it been an assignment of child support arrearage to appellant, or if it were assigned to the ABC collection service, or discounted to a lending institution? The obligation for child support is payable and enforceable by the parties to whom it was ordered paid.

Accordingly, I would reverse the trial court finding that appellee is entitled to receive payment of the child support arrearage.