OPINION
On October 15, 1981, appellant, Mary Brown, gave birth to Laura Lee Finefrock nka Hall. The birth certificate listed appellee, Lewis G. Finefrock, as father. On April 3, 1997, appellant filed a complaint to establish paternity. A hearing was held on May 6, 1999 wherein appellee admitted to paternity. A judgment entry memorializing appellee's paternity was filed on May 21, 1999. The case proceeded on the issues of retroactive child support, current child support and medical expenses. By journal entry filed March 14, 2000, the trial court ordered appellee to pay back child support from 1994 through 1998, with differing amounts per year. The total amount came to $9,770.28. No current child support was ordered. On March 29, 2000, appellant filed a motion for relief from judgment claiming the trial court failed to order child support for the years prior to 1994 and after 1998. The trial court never ruled on this motion. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:]
 I THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO ORDER CHILD SUPPORT PAYABLE ON BEHALF OF THE MINOR CHILD TO HER DATE OF GRADUATION OR AGE NINETEEN, WHICHEVER OCCURRED FIRST, PURSUANT TO REVISED CODE § 3103.03(A).
 II THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT ORDERING CHILD SUPPORT RETROACTIVE TO THE DATE OF THE BIRTH OF THE CHILD PURSUANT TO REVISED CODE § 3103.03(A) WHEN THE DEFENSE OF LACHES WAS NEVER AFFIRMATIVELY PLED OR ASSERTED BY THE DEFENDANT AND PLAINTIFF REQUESTED THIS RELIEF.
 III THE TRIAL COURT ERRED IN FAILING TO RULE UPON THE PLAINTIFF'S RULE 60(B) MOTION, SAID FAILURE CONSTITUTING AN ABUSE OF DISCRETION.
 I
Appellant claims the trial court erred in failing to order support pursuant to R.C.3103.03(B). We agree. R.C. 3103.03 governs support obligations. Subsection (B) states as follows: Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children, including the duty of a parent to pay support pursuant to a child support order, shall continue beyond the age of majority as long as the child continuously attends on a full-time basis any recognized and accredited high school or a court-issued child support order provides that the duty of support continues beyond the age of majority. Except in cases in which a child support order requires the duty of support to continue for any period after the child reaches age nineteen, the order shall not remain in effect after the child reaches age nineteen. That duty of support shall continue during seasonal vacation periods.
By judgment entry filed March 14, 2000, the trial court awarded support as follows: The Court has therefore found, pursuant to the information provided by both Parties, going back five (5) years, in 1994, the child support would be $136.08 per month, including processing charge. In 1995, child support would be $62.62 per month. In 1996, child support would be $121.92. In 1997, it would be $265.51 per month. In 1998 it would be $228.06 per month.
* * *
Judgment is therefore granted in the amount of $9,770.28. If the Defendant is unable to pay this amount in a lump-sum, the Defendant shall pay the amount of $228.06 per month to the Perry County Child Support Enforcement Agency, until the Judgment is paid in full.
The parties stipulated the child's date of birth was October 15, 1981. See, Agreed Statement to Supplement/Correct the Record on Appeal filed June 30, 2000. The trial court's order does not award support beyond December 31, 1998. Therefore, it would appear the child was not eighteen when the child support obligation ceased. No transcript has been prepared therefore we are unable to determine if the mandates of R.C. 3103.03(B) have been satisfied. Assignment of Error I is granted and the matter is remanded to the trial court for determination of when the child graduated from high school or ceased to attend high school and assign child support accordingly.
 II
Appellant claims the trial court erred in not awarding back child support to date of birth. We disagree. An order of back child support rests in the trial court's sound discretion. White v. Hale (November 5, 1996), Richland App. No. 96CA10, unreported. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In her complaint, appellant states she has been unable to determine appellee's whereabouts and appellee has failed to voluntarily cooperate in any determination of paternity. Even after the complaint was filed, the trial court was required to specifically order appellant to complete service on appellee. See, Journal Entry filed November 25, 1998. The affirmative defense of laches was identified by the magistrate in her decision filed August 19, 1999, and briefs had been requested on the issue. In fact, a memorandum was filed by appellant on October 19, 1999 arguing the application of Connin v. Bailey (1984), 15 Ohio St.3d 34. In Connin at 35-36, the Supreme Court of Ohio held the following: The applicable law is not in dispute. `Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence.' Smith v. Smith (1957), 107 Ohio App. 440, 443-444 [8 O.O.2d 424].
In order to invoke the doctrine of laches, the following, as set forth in Smith v. Smith (1959), 168 Ohio St. 447 [7 O.O.2d 276], paragraph three of the syllabus, must be established:
`Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim.' Accord Kinney v. Mathias (1984), 10 Ohio St.3d 72.
No evidence was presented. The trial court ruled from the briefs and worksheets. Absent any transcript of hearing, we cannot say the trial court abused its discretion in failing to order back child support prior to 1994. Assignment of Error II is denied. III This assignment of error is moot per our ruling in Assignment of Error I.
The judgment of the Court of Common Pleas of Perry County, Ohio, Juvenile Division is hereby affirmed in part, reversed in part and remanded.