DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Julie Boyko and Christine Durrach have appealed a judgment of the Medina County Common Pleas Court that entered summary judgment in favor of Appellees Roger Pries and the estate of Earl Pries, holding that the equitable doctrine of laches barred Appellants' claims as a matter of law. This Court affirms.
 I.
During March 1989, Earl Pries (Decedent) executed his Last Will and Testament. His will included provisions devising one-third of residual estate to two of his granddaughters, Appellants Julie Boyko and Christine Durrach. Their mother, Peggy Durrach, had passed away, and this was Decedent's way of passing her interest in his estate onto them. The will also devised one-third of his estate to Decedent's son, Appellee Roger Pries (Mr. Pries), and one-third to his daughter, Gloria Taylor. Mr. Pries was also designated to become executor.
Almost four years later, on January 20, 1993, Decedent executed a durable power of attorney, appointing Mr. Pries as his attorney-in-fact to handle his financial affairs. Thereafter, Mr. Pries distributed household items, various assets and gifts to family members. In fact, during 1995, he sold Decedent's home and distributed the proceeds as follows: one-third to Gloria Taylor; one-third to himself; and, one-sixth to each Appellant. Only once did Appellants even attempt to challenge Mr. Pries' activities; they informally requested an accounting of Decedent's assets at one point. When Decedent failed to authorize such an undertaking, they dropped their inquiry. Otherwise, Appellants accepted distributions from Mr. Pries on behalf of Decedent, never objecting to any of Mr. Pries' actions nor moving to have a guardian appointed for Decedent.
Decedent died on June 5, 1997. An inventory of his estate was submitted to the probate court during September 1997.
On February 27, 1998, Appellants filed a complaint in the Medina County Common Pleas Court, seeking declaratory relief. Specifically, they alleged that the durable power of attorney was invalid and that Mr. Pries had committed conversion, distributing Decedent's assets over the years in contravention of Decedent's wishes, as evidenced in his will and gifts prior to 1993.
On March 30, 1999, Appellees moved for summary judgment, arguing that Appellants' claims were barred by the equitable defense of laches.[1]
After Appellants responded, on June 26, 2000, the trial court granted Appellees' motion for summary judgment. Appellants timely appealed.[2]
 II. A. Summary Judgment Standard
In reviewing a trial court's ruling on a motion for summary judgment, an appellate court's examination is de novo. Stated another way, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826,829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294; Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429. Once a party has satisfied this incipient burden, a reciprocal burden arises upon the nonmoving party to respond and set forth specific facts showing that there is a genuine issue of material fact for trial. Dresher, 75 Ohio St.3d at 293;Vahila, 77 Ohio St.3d at 429.
 B. Laches
"Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Connin v. Bailey (1984), 15 Ohio St.3d 34, 35, quotingSmith v. Smith (1957), 107 Ohio App. 440, 443-444. In short, to demonstrate laches one must show (1) an unreasonable delay or lapse of time in asserting a right, (2) the absence of an excuse for the delay,
(3) knowledge, actual or constructive, of the injury or wrong, and, (4) prejudice to the other party. State ex rel. Polo v. Cuyahoga Cty. Bd. ofElections (1995), 74 Ohio St.3d 143, 145.
In the present case, Appellees moved for summary judgment, contending that Appellants were well aware of Mr. Pries' actions and status but sat on their hands too long. Essentially, Appellees maintained that instead of pursuing their suspicions and instituting appropriate legal action while Decedent was still alive, Appellants waited until he had passed away, was placed in a difficult position of having to prove his competence from the grave and could not remove them from his will. Appellees claimed that Appellants had knowledge of Mr. Pries' status as attorney-in-fact, that as early as December 1993 Appellants accepted gifts from Decedent through Mr. Pries, that Appellants knew that Mr. Pries was making disbursements in furtherance of an estate plan instituted by his father, and that Appellants acquiesced in all these events. Appellees further asserted that the delay materially prejudiced their ability to prove Decedent's competency and consent and to defend a suit for conversion when the estate's assets have been distributed. In support of these arguments, Appellees offered the testimony of Appellant Julie Boyko taken during a collateral probate proceeding, several canceled money orders and checks endorsed by Appellants and the affidavits of Mr. Pries, Attorney Ray Laribee, Diane Ferrier, Earl Goodman, Shirley Goodman and Gloria Taylor.
In response, Appellants essentially asserted that their delay was the result of ignorance and, therefore, was reasonable. They claimed that their first indication that Mr. Pries was purportedly converting Decedent's estate was when its inventory was filed with the probate court. To support this factual allegation, Appellants supplied their own affidavits, wherein each averred only that they had "learned that during the lifetime of [Decedent], [Mr. Pries] exercised the power of attorney by gifting much of the estate to himself as well as various other people."
After reviewing the evidence, this Court concludes that the trial court did not err by entering summary judgment in favor of Appellees. Appellants have asked for a holding that would allow and even encourage litigants to wait until after a principal's death and then challenge the validity of a durable power of attorney in order to (1) avoid possibly being cut from the principal's will, and, (2) put the appointee in the worst possible position to defend that principal's competency. Equity requires this Court to decline their invitation.
It is undisputed that Appellants (1) knew Mr. Pries was distributing money and assets as gifts on behalf of Decedent as early as December 1993, (2) believed that Decedent's money and assets were being wrongfully distributed, (3) never confronted Decedent or Mr. Pries with their concerns about Decedent's competency, and, (4) waited until after Decedent's death to protest. Appellees moved for summary judgment and met their Dresher burden by providing evidence in support of their defense. Appellants' evidence does not raise any genuine issue of material fact, and at best, only confirms Appellees' version of the events. This Court would also note that, in the interests of equity, Appellants failed to present any evidence of undue influence by Mr. Pries while Appellees presented affidavits demonstrating that Decedent had ratified Mr. Pries' disbursements. In the end, Appellants knew of Mr. Pries' actions and status as attorney-in-fact but did nothing until after Decedent passed away. Their delay was without excuse, unreasonable and materially prejudicial to Appellees. No genuine issues of material fact exist, and, as a matter of law, the circumstances herein bar the prosecution of civil claims under the equitable doctrine of laches.
 III.
Appellants' second assignments of error is overruled, and, as a result, their first assignment of error is moot. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
___________________________ BETH WHITMORE
SLABY, P. J., CARR, J., CONCUR.
[1] Appellees also asserted at the trial court level and on appeal that Appellants' claims were barred by estoppel. This Court declines to address that point. See App.R. 12(A)(1)(c).
[2] Appellants have asserted two assignments of error. However, this Court need only discuss their second objection as its disposition renders the first assignment of error moot. See App.R. 12(A)(1)(c).