DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On May 31, 2000, the Municipal Court of Akron revived appellee, Akron General Medical Center's ("Akron General"), 1992 judgment against appellants, John and Martha Ann Foutty and ordered the Fouttys to pay the sum of $1,965.71 with an interest of 10% from June 22, 1992. The Fouttys appeal this decision. We affirm.
 I.
On June 22, 1992, the Municipal Court of Akron entered default judgment against the Fouttys in the amount of $1,928.21 plus interest and costs. The record reflects that the Fouttys did not appeal the judgment. On March 16, 2000, Akron General filed a motion for revivor of the dormant judgment. Both parties attended a revivor motion hearing held on April 19, 2000.
The trial court adopted the magistrate's decision, revived the judgment and ordered the Fouttys to pay $1,965.71 with 10% interest from June 22, 1992, plus costs. The Fouttys timely appealed to this court.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE DAMAGES IN A DEFAULT PROCEEDING WITHOUT CONDUCTING AN EVIDENTIARY HEARING.
 In their first assignment of error, the Fouttys argue that it was error for the trial court to enter a judgment in 1992 without conducting an evidentiary hearing. In their reply brief they argue that this error "does not go to issues arising out of the revivor proceedings. Instead, [the Fouttys'] argument addresses issues arising from the 1992 entry itself." The Fouttys assert that they did not receive proper notice of the June 22, 1992 entry until May 31, 2000. Therefore they are attempting to appeal from both from the June 22, 1992 judgment and the May 31, 2000 judgment.
The record reflects that the Fouttys were served on May 14, 1992, by regular mail. The trial court entered a default judgment against the Fouttys on June 22, 1992. A notice of judgment is served upon all parties "not in default." Civ.R. 58(B). The Fouttys were in default and therefore not entitled to service of the June 22, 1992 judgment. To now claim that they are entitled to appeal issues arising from the 1992 judgment because they never received notice is contrary to law.
The June 22, 1992 judgment was a final, appealable order. The Fouttys could have appealed any alleged error in the amount of judgment within thirty days. See App.R. 4. The other avenue of recourse would have been to raise a Civ.R. 60(B) motion to vacate the judgment. The Fouttys neither timely appealed nor moved to vacate the judgment. Instead they attempt to raise issues arising from the June 22, 1992 judgment on their appeal of this revivor action.
For the forgoing reasons the Fouttys' first assignment of error is without merit and is overruled.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN REVIVING THE JUDGMENT RENDERED IN FAVOR OF PLAINTIFF-APPELLEE.
 The Fouttys argue that the original judgment was erroneous and that the defense of laches bars Akron General's revivor action. They assert that Akron General's eleven year delay[1] in pursuing the judgment created prejudice in that the Fouttys were unable to "obtain information from their insurance company to prove payment."
A judgment that is not executed within five years of its issuance "shall be dormant." R.C. 2329.07. A party may revive a dormant judgment by seeking an order of the court that issued the judgment. R.C. 2325.15. An action to revive a dormant judgment must be made within twenty-one years from the time that the judgment became dormant. R.C. 2325.18.
On March 16, 2000, Akron General moved the trial court to revive the June 22, 1992 judgment in the amount of $1,928.21 plus interest. The magistrate held a hearing on the revivor motion on April 14, 2000. The trial court revived the judgment and ordered the Fouttys to pay the $1,965.71 with 10% interest from June 22, 1992 plus court costs.
The Fouttys assert that they were precluded from presenting evidence to support their defenses at the revivor motion hearing. Specifically they sought to attack the original amount of the June 22, 1992 judgment. It is well settled law that "[w]here the court rendering the judgment had jurisdiction of the parties and subject matter, a defense which could have been set up in the original action cannot be set up in a proceeding to revive the judgment." Jackson v. Marshall (1947), 80 Ohio App. 280,284. The trial court ruled that the Fouttys could not relitigate their defenses to the original trial judgment in order to demonstrate that the original judgment was erroneous. Such ruling was proper. It is a settled rule of law that, if a court had jurisdiction of the person and subject matter, any defense which preceded the entry of judgment cannot be asserted in a revivor proceeding. McAllister v. Schlemmer GraberCo. (1930), 39 Ohio App. 434, 438.
We now turn to the Fouttys' argument that the revivor action is barred by a defense of laches. Laches has been defined as "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Smith v. Smith (1957),107 Ohio App. 440, 443-444. The equitable doctrine of laches requires "(1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for such delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." State ex rel. Meyers v. Columbus (1995), 71 Ohio St.3d 603, 605, quoting State ex rel. Cater v. N. Olmsted (1994), 69 Ohio St.3d 315,325.
For the doctrine of laches to be successfully invoked, "it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." Connin v. Bailey (1984), 15 Ohio St.3d 34, 36, quoting Smith v.Smith (1959), 168 Ohio St. 447, paragraph three of the syllabus. On pages three and four of their brief in support of their motion to void judgment filed in the trial court on April 17, 2000, the Fouttys asserted five bases for their contention that Akron General was guilty of laches. We have examined each of those contentions, and it appears plain that none of them, if true, would establish a colorable laches defense. Accordingly, the magistrate was not under an obligation to admit evidence in support of insufficient allegations. Assuming, without deciding, that the defense of laches is potentially available in any revivor action, it was not available in this one.
The second assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Municipal Court of Akron, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
___________________________ WILLIAM R. BAIRD
SLABY, J., CARR, J., CONCUR.
[1] We note that the record reflects that only eight years had elapsed from the June 22, 1992 judgment and Akron General's March 16, 2000 motion to revive. Eleven years have elapsed since Mrs. Foutty was a patient at Akron General.