{¶ 28} Respectfully, I dissent.
 {¶ 29} The troublesome aspects of this case are twofold: first, as a court of equity, the domestic relations division of the common pleas court ought to be able to fully consider laches as a defense where Kathleen Natsis waited 18 years after her dissolution to present her claim for nonpayment of child support, and where, as here, the children are now 28 and 29 years old, respectively; and second, as a reviewing court, we are bound to consider the record as properly presented to us on appeal — in this instance as the majority correctly states, because no transcript had been provided to the trial court, we can only review whether the court abused its discretion in adopting the magistrate's decision. In this instance, I believe it did.
 {¶ 30} In Smith v. Smith (1957), 107 Ohio App. 440, 443-444, this court defined the doctrine of laches:
 {¶ 31} "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence." At the outset, it is important to recognize that the 18 year delay in filing for child support in this case does not set a record in Ohio legal annuls. In Connin v. Bailey, (1984), 15 Ohio St.3d 34, the court there considered a situation where the parties had married in 1929 and divorced in 1934, and the wife pursued child support until 1946; then, following her husband's death in 1982, she presented a $28,000.00 claim against his estate — 35 years later! The court allowed her claim because the estate failed to establish that the delay caused any material prejudice.
 {¶ 32} Here, although no transcript of proceedings before the magistrate had been presented to the trial court, our record does contain several exhibits, notably, the original dissolution decree dated October 7, 1981, a land contract dated September 17, 1981 evidencing Dimitrios's purchase of a residence located at 2357 Wooster Road in Rocky River, Ohio, a letter dated November 25, 1992 signed by Attorney Arthur Lambros evidencing conveyance of that property with equity of $35,000 to $40,000 to Kathleen, and a copy of the quit claim deed for that conveyance.
 {¶ 33} While the majority finds no material prejudice resulting to Dimitrios Natsis from the 18 year delay in the assertion of Kathleen's claim for $54,240.00 of child support, an examination of the aforementioned exhibits reveals the following:
 {¶ 34} The decree of dissolution incorporates a separation agreement which specifies the marital home to be the one located on 24528 Hilliard Boulevard in Westlake, Ohio, and further specifies that each party will retain his or her respective property. In 1992, with no pending child support claim, Dimitrios deeded his property, the Wooster home, to Kathleen with equity of at least $35,000.00. A careful reading of the dissolution decree and the judgment entry reveals he had no obligation to do so. Several aspects of material prejudice exist: no issue of a release for any outstanding claim of child support ever arose, because Kathleen never presented a claim for child support, yet she accepted the realty from Dimitrios; and, during the years following their dissolution, Dimitrios made cash payments to Kathleen and despite her sworn testimony that he did not do so, the court found she did in fact receive cash payments from him in the amount of $7,650.00 — disturbingly it found her to be a convincing witness.
 {¶ 35} Her delay in presenting this claim prejudiced Dimitrios by having him continue to make cash payments instead of either paying by check or money order or obtaining receipts from her for those payments; notably, the court decree did not require payment of child support through the court; Kathleen's delay also deprived him of the opportunity to effect a mutual release in exchange for his delivery of the Wooster Road property to her in 1992.
 {¶ 36} As a court of equity, the court has a duty, it appears to me, to look at the entire record and to examine the totality of the circumstances. Here, I believe the record reveals that Dimitrios has been materially prejudiced by the 18-year delay in presenting this claim in that Kathleen presented it after she received the full benefit of the gift of realty and at a time when Dimitrios could no longer obtain evidence of the payments which this record shows had been made to her. It also shows that the court has reached an inequitable result. The fact that the majority chooses to ignore the physical documentary evidence contained in the record which the trial court reviewed and chooses to chastise my review of it as exceeding the proper boundaries of appellate review only dramatizes its ill-considered, result-oriented decision. I would reverse the judgment of the court.