{¶ 52} I must respectfully dissent from the majority's opinion. I disagree with the majority's analysis of appellant's third assignment of error. The trial court was clearly wrong when it failed to address the issue of laches. This is a paternity action. Equitable defenses such as laches and waiver are applicable in paternity actions.[3] An appellate court reviews a court's decision regarding the application of laches and waiver under an abuse of discretion standard.
 {¶ 53} "`Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party.'"[4] "`Delay in asserting a right does not of itself constitute laches.'"[5] Rather, the person for whose benefit the doctrine will operate must show that he or she has been materially prejudiced by the delay.[6]
 {¶ 54} In the instant matter, the prejudice flowing from the delay is patent. The natural mother of the child in question: (1) failed to identify the father on the birth certificate; (2) failed to unequivocally inform the father that this was "his" child; (3) deliberately prevented the father from seeing his own child for a period of ten years; (4) moved to another county with the child and left no forwarding address; and, finally, (5) waited until the child was eleven years old before commencing a paternity action. A more clear case of prejudice resulting from delay is unimaginable.
 {¶ 55} Based upon this fact pattern, appellant raised the defense of laches, pursuant to Civ.R. 15, to conform to the evidence following the magistrate's hearing. Civ.R. 15(B) provides that such motion can be raised "at any time, even after judgment." However, the trial court's judgment entry indicates the court's sole reason for denying the motion was the perceived lack of timeliness. Clearly, this was a proper time to raise the defense, and the trial court's summary dismissal of the motion was an abuse of discretion. Justice requires a reversal so that the trial court can properly weigh this important defense.
 {¶ 56} A child's future and a parent's responsibilities are at issue in this matter. It should be remanded for the trial court to conduct a hearing where the doctrine of laches is weighed and applied.
[3] Wright v. Oliver (1988), 35 Ohio St.3d 10, syllabus.
[4] Connin v. Bailey (1984), 15 Ohio St.3d 34, 35, quoting Smith v.Smith (1957), 107 Ohio App. 440, 443-444.
[5] Id., quoting Smith v. Smith (1959), 168 Ohio St. 447, paragraph three of the syllabus.
[6] Id.