DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} A grocery store allegedly sold alcohol to a minor who later caused an automobile collision that killed two people and injured several others. American Family Insurance Company covered the grocery store for commercial liability claims at the time of the collision. In this case, American Family sued the grocery store, Chamunda Inc. dba MJ Food Mart, for a declaration that it owes no obligation to defend or indemnify its insureds for any claims arising from the collision. The trial court granted American Family summary judgment on its *Page 2 
complaint as well as on Chamunda's counterclaims. This Court affirms because Chamunda failed to present a genuine issue as to any material fact and American Family is entitled to judgment as a matter of law.
 FACTS {¶ 2} The undisputed facts reveal that two young women were killed and several other people were injured in an automobile collision, allegedly caused by the negligence of a minor who was driving while intoxicated. Various lawsuits were filed seeking damages from the minor driver, the owner of the car he was operating, and those allegedly responsible for selling alcohol to him several hours before the crash. The Common Pleas Court consolidated the personal injury cases. The plaintiffs in that case alleged that, on the evening of the collision, the minor driver bought alcohol at MJ Food Mart on West Waterloo Road in Akron. The store was owned and operated by Chamunda Inc. Neha Gadani was the sole shareholder of that corporation and Pankuj Lal was an employee. The plaintiffs sued each of them for damages caused by the collision. American Family in turn named each of them in this declaratory judgment action.
 {¶ 3} American Family issued a business liability insurance policy to Chamunda that covered all three defendants. That policy was in effect at the time of the alleged sale of alcohol and the subsequent collision. The policy provided business liability coverage for bodily injury and property damage, as well as a "duty to defend any suit seeking those damages." The policy excluded coverage *Page 3 
to any insured that sells alcoholic beverages for "bodily injury or property damage for which any insured may be held liable by reason of . . . the furnishing of alcoholic beverages to a person under the legal drinking age . . ." It is undisputed that the only claims against the defendants stem from the alleged sale of alcohol to the minor driver who caused the collision. It is also undisputed that, on the day of the alleged sale, Chamunda had a liquor license and was in the business of selling alcoholic beverages.
 {¶ 4} When American Family learned of the personal injury claims against its insureds, it sent letters to Chamunda, Gadani, and Lal, explaining that it would assign a lawyer to defend them under a reservation of rights. American Family sent the letters before taking any action to begin defending its insureds in the underlying tort case. The letters went on to advise the defendants that "there exists a dispute between you and American Family Insurance Company as to whether the Company can provide liability coverage for defense costs or indemnity coverage, or [any] other protection" for claims arising from the collision. The letters quoted the policy language of the exclusion for claims arising from furnishing alcohol to anyone under the legal drinking age and promised to provide a defense only "until [American Family's] rights can be determined by a Court."
 {¶ 5} Based on the language of the exclusion in the policy, the trial court granted summary judgment to American Family. The defendants have appealed, *Page 4 
arguing the trial court incorrectly granted summary judgment to the insurance company. They have argued that the doctrine of laches prohibits the insurance company from denying coverage and refusing to further defend the underlying case after initially undertaking representation. They have also argued that the trial court incorrectly granted summary judgment to American Family because the company's motion did not address the defendants' counterclaims alleging bad faith and breach of contract.
 SUMMARY JUDGMENT STANDARD {¶ 6} The defendants' sole assignment of error is that the trial court incorrectly granted American Family summary judgment. In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law.Parenti v. Goodyear Tire Rubber Co., 66 Ohio App. 3d 826, 829 (1990).
 COVERAGE DISPUTE {¶ 7} American Family has sued its insureds seeking a declaration that it has no duty to defend or indemnify them in the underlying tort case. The duty to defend may arise independently of the duty to indemnify. An insurance company has a duty to defend its insured in a lawsuit if the pleadings in the underlying case "unequivocally bring the action within the policy coverage." City of Willoughby *Page 5 Hills v. Cincinnati Ins. Co., 9 Ohio St. 3d 177, 179 (1984). The duty may also arise if the allegations in the complaint "state a claim which is potentially or arguably within the policy coverage." Id. at 180. An insurance company may also choose to defend its insured "without waiving its right to assert at a later time the policy defenses it believes it has, provided that it gives its insured notice of any reservation of rights." Motorists Mut. Ins. Co. v. Trainor, 33 Ohio St. 2d 41, paragraph one of the syllabus (1973). In any event, an insurer's duty to defend its insured ends once it is determined there is no possibility of coverage under the policy. Wedge Products Inc. v. Harford Equity SalesCo., 31 Ohio St. 3d 65, 67-68 (1987).
 {¶ 8} In the trial court, American Family moved for summary judgment, arguing that the only theory of liability against its insureds in the underlying personal injury lawsuit was that they had sold alcohol to the minor driver. The insurance company submitted a certified copy of the insurance policy and argued that the clear language of the policy excluded coverage for either defense costs or indemnification for claims arising from the sale of alcohol to someone under the legal drinking age. As that was the only theory of liability against its insureds, American Family argued that it was not required to defend or indemnify them for any claims arising from the collision.
 {¶ 9} In response, the defendants did not dispute that the only allegation against them was that they sold alcohol to the minor driver. Likewise, they did not *Page 6 
dispute that the clear language of the policy excluded all coverage for bodily injury or property damage claims arising from the sale of alcohol to someone under the legal drinking age. Therefore, the defendants have failed to point out a genuine issue of material fact as to whether American Family has a duty to defend or indemnify them for the claims presented in the underlying tort case.
 {¶ 10} This Court agrees with American Family's reading of the policy. The clear language of the policy excludes all coverage to an insured that sells alcoholic beverages "to a person under the legal drinking age." The trial court correctly granted summary judgment to American Family Insurance on its claims that it had no duty to defend or indemnify the defendants for claims arising from the automobile collision.
 LACHES {¶ 11} "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Connin v. Bailey, 15 Ohio St. 3d 34, 35 (1984) (quotingSmith v. Smith, 107 Ohio App. 440, 443-44 (1957)). Delay alone is not sufficient for the doctrine to bar a claim. Id. Application of the doctrine requires a showing that the delay materially prejudiced the opposing party. Id. at 36.
 {¶ 12} Rather than refute the arguments presented by American Family, the defendants responded to the summary judgment motion with arguments based on their affirmative defense of laches and counterclaims of breach of contract and bad *Page 7 
faith. First, they argued that laches applied to bar the insurance company's claims because American Family should have "read its own policy and decided that [it] does not cover the claims" before it had spent nearly two years defending them. They argued that they were prejudiced by American Family undertaking a defense and implying indemnification then waiting an "extended period of time" to file the declaratory judgment suit.
 {¶ 13} American Family replied to the defendants' arguments by submitting copies of the reservation of rights letters the company had issued to each of the defendants prior to undertaking their defense. These letters put them on notice that American Family would provide a defense only until a court could determine its rights under the policy. American Family failed to incorporate the letters into an affidavit as required by Rule 56(C) of the Ohio Rules of Civil Procedure. The defendants, however, did not object to the trial court considering those letters. The trial court considered them, and this Court will do so also. See Richardson v. Auto Owners Mut. Ins. Co., 9th Dist. No. 21697,2004-Ohio-1878, at ¶ 29.
 {¶ 14} Laches does not apply to bar American Family's claims in this case because the defendants have not demonstrated either an unreasonable delay or resultant prejudice. The evidence shows that, before undertaking the defense of the personal injury claims against the defendants, American Family sent reservation of rights letters to each insured party named in the suit. The letters specifically explained that American Family was contesting coverage and intended *Page 8 
to offer a defense of the claims only until its rights under the policy could be determined in court.
 {¶ 15} An insurer has a duty to defend its insured if the claims "potentially or arguably" fall within the coverage of the policy.City of Willoughby Hills v. Cincinnati Ins. Co., 9 Ohio St. 3d 177, 180
(1984). Therefore, the law provides a mechanism whereby an insurer may defend its insured while reserving its right to argue the claims are not covered by the policy. Motorists Mut. Ins. Co. v. Trainor,33 Ohio St. 2d 41, paragraph one of the syllabus (1973). American Family followed that procedure by sending the reservation of rights letters when the defendants notified it of the claims against them. The defendants have not argued the letters failed to promptly notify them of American Family's intention to assert the right it now seeks to enforce. The defendants have not shown that American Family failed to assert its right "for an unreasonable and unexplained length of time" under circumstances that caused prejudice to defendants. Connin v.Bailey, 15 Ohio St. 3d 34, 35 (1984). Therefore, the doctrine of laches does not apply to bar American Family's claims. To the extent that the defendants' assignment of error relates to the grant of summary judgment to American Family on its claims against the defendants, it is overruled.
 BAD FAITH {¶ 16} "[B]ased on the relationship between an insurer and its insured, an insurer has the duty to act in good faith in the handling and payment of [claims]." *Page 9 Hoskins v. Aetna Life Ins. Co., 6 Ohio St. 3d 272, 276 (1983). Thus, a "bad faith refusal to settle a claim is a breach of that duty," which constitutes a tort under Ohio law. Id. According to the Ohio Supreme Court, an insurer acts with bad faith if "its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." Zoppo v. Homestead Ins. Co.,71 Ohio St. 3d 552, paragraph one of the syllabus (1994).
 {¶ 17} The defendants have argued that the trial court incorrectly granted summary judgment to American Family on the counterclaim alleging bad faith because American Family failed to specifically address that claim in its motion for summary judgment. In their answer, the defendants alleged that American Family violated its duty of good faith by failing to settle the personal injury claims within the policy limits and by failing to adequately defend the personal injury suit.
 {¶ 18} Contrary to the defendants' argument, American Family did argue to the trial court that the defendants' "[counterclaim must be dismissed since there is no evidence that American Family acted in bad faith." In support of this argument, American Family offered evidence that it acted in good faith in handling the defendants' claim. The uncontested evidence indicates that a simple reading of the policy and the complaints in the personal injury suit would lead one to believe that the policy did not provide coverage to the defendants for these claims. Despite this, the uncontested facts show that American Family hired an attorney who spent 20 months defending multiple claims made by various parties *Page 10 
against the defendants. American Family argued that the defendants benefited from a free defense for that period of time. Furthermore, American Family pointed to the reservation of rights letters as evidence that American Family "never deceived Defendants regarding its question about whether or not coverage was available under the insurance contract." Thus, American Family satisfied its burden to identify the specific parts of the record that demonstrate that there is no genuine issue of material fact for trial regarding whether American Family acted in bad faith. See Dresher v. Burt, 75 Ohio St. 3d 280, 293,1996-Ohio-107.
 {¶ 19} The defendants, however, failed, in response, to set forth specific facts demonstrating a genuine issue of material fact on this point. The defendants alleged in their answer that American Family acted in bad faith by failing to settle the personal injury claims within the policy limits and by failing to adequately defend the personal injury suit. In support of this argument, the defendants offered only the affidavit of Defendant Neha Gadani and the docket of the underlying case. The affidavit did not allege facts indicating the defense was inadequate, but stated only that the insurance lawyer "prepared Responses to Interrogatories and Requests for Admissions, which he directed me to sign and I did. I relied upon his advice in all matters relating to the case." Nothing in the affidavit presents an issue of fact regarding whether the defense was adequate. The same is true of the docket. *Page 11 
 {¶ 20} The evidence also failed to bring into question any material fact regarding whether American Family's failure to settle the claims constituted the tort of bad faith. In order to support a claim of bad faith, the refusal to pay a claim must be made under circumstances that fail to provide "reasonable justification." Zoppo v. Homestead Ins.Co., 71 Ohio St. 3d 552, paragraph one of the syllabus (1994). In light of the fact that the policy did not provide coverage, reasonable minds can come to just one conclusion regarding whether American Family's decision not to settle and pay the claims was reasonably justified. Seeid.; Pasco v. State Auto. Mut. Ins. Co., 10th Dist. No. 99AP-430,1999 WL 1221633, at *6 (Dec. 21, 1999) (quoting GRE Ins. Group v. Int'l EPDMRubber Roofing Sys. Inc., 6th Dist. No. L-98-1387, 1999 WL 253044, at *5 (Apr. 30, 1999) ("Obviously, if a reason for coverage denial is correct, it is per se reasonable.")). As that conclusion is adverse to the defendants, American Family is entitled to judgment as a matter of law on the counterclaim alleging bad faith. Civ. R. 56(C). To the extent that the defendants' assignment of error relates to the bad faith counterclaim, it is overruled.
 BREACH OF CONTRACT {¶ 21} The defendants further argued that the trial court incorrectly granted summary judgment to American Family on the counterclaim for breach of contract because American Family failed to specifically address that claim in its summary judgment motion. The defendants' allegations of breach of contract were based on *Page 12 
American Family's denial of coverage and alleged failure to adequately defend the case.
 {¶ 22} Contrary to the defendants' argument, however, American Family argued to the trial court that those allegations had "no merit, nor any evidence supporting" them. American Family pointed out that it had never denied coverage, but had instead defended its insured for a year and a half, after putting its insured on notice that it would seek a judgment from a court of law regarding its duty to provide coverage under the circumstances. American Family further pointed to the docket from the underlying case and the affidavit of Defendant Gadani, indicating that the American Family defense lawyer worked with the defendants on discovery responses. These documents provided evidence of the many months of defense work American Family supplied when it was under no obligation to do so. American Family met its burden on summary judgment to identify the specific parts of the record that demonstrate that there is no genuine issue of material fact for trial regarding whether American Family breached the insurance contract. See Dresher v.Burt, 75 Ohio St. 3d 280, 293, 1996-Ohio-107.
 {¶ 23} The defendants did not offer the trial court any evidentiary materials beyond the affidavit and docket mentioned above. Neither of these items demonstrated a genuine issue of material fact for trial regarding whether American Family breached the contract. "A `material' fact is one which would affect the outcome of the suit under the applicable substantive law." ORE Ins. Group v. Int'l *Page 13 EPDM Rubber Roofing Sys. Inc., 6th Dist. No. L-98-1387, 1999 WL 253044, at *3 (Apr. 30, 1999) (quoting Needham v. Provident Bank,110 Ohio App. 3d 817, 826 (1996)). The quality of the defense provided, whatever it may be, cannot affect the outcome of a breach of contract claim under these circumstances. This Court has determined that American Family was not contractually obligated to provide any defense to its insured for any claims made in the underlying case. Therefore, American Family cannot be held liable for breach of contract for failure to provide an adequate defense.
 {¶ 24} The defendants also alleged a breach of contract based on American Family's denial of coverage. As this Court has determined that the contract at issue did not provide any coverage for the claims made against the defendants in the underlying case, American Family's failure to extend coverage cannot constitute a breach of the contract. Therefore, there are no genuine issues of material fact for trial regarding whether American Family breached the insurance contract. To the extent the defendants' assignment of error relates to the breach of contract counterclaim, it is overruled.
 CONCLUSION {¶ 25} The trial court correctly granted summary judgment to American Family Insurance Company on its complaint and the counterclaims against it. There is no genuine issue of material fact regarding whether American Family had a duty to defend or indemnify its insured for claims arising from the sale of *Page 14 
alcoholic beverages to a person under the legal drinking age and American Family is entitled to judgment as a matter of law. Furthermore, the defendants failed to point to any evidence in the record demonstrating a genuine issue of material fact for trial on the counterclaims of bad faith and breach of contract. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 15 
Costs taxed to appellants.
 WHITMORE, P. J., CARR, J., CONCUR *Page 1