DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-Appellant Bryan R. Goodfleisch appeals the judgment of the Pickaway County Court of Common Pleas which granted him a divorce from Defendant-Appellee Apryl D. Goodfleisch, executed a shared parenting agreement, and determined his child support obligations. Appellant asserts that the trial court's calculations of child support were erroneous.
 {¶ 2} For the reasons that follow, we disagree with appellant and affirm the judgment of the trial court.
 Trial Court Proceedings {¶ 3} In August 1987, Plaintiff-Appellant Bryan R. Goodfleisch and Defendant-Appellee Apryl D. Goodfleisch were married. Three children were born from this union: (1) Kaylin, born May 31, 1988; (2) Madyson, born March 13, 1995; and, (3) Nickolas, born August 14, 1996.
 {¶ 4} In September 1999, appellant filed a complaint with the Pickaway County Court of Common Pleas seeking a divorce from appellee. Subsequently, appellant filed an amended complaint adding Defendant Joseph Daniel Kostenbader as a party defendant. Appellant asserted that appellee had committed adultery, and was in a relationship with Kostenbader, whom appellant sought to enjoin from taking or hiding marital assets. The trial court enjoined Kostenbader from releasing any marital assets to appellee that he may have held on appellee's behalf or from encumbering or hiding any marital assets.
 {¶ 5} In November 1999, appellee filed an answer and asserted a counterclaim for divorce against appellant. Appellee conceded that she and appellant were mutually incompatible.
 {¶ 6} The trial court filed a temporary order, instructing appellant to pay to appellee $1,428 per month in child support. Pursuant to an agreed entry resolving matters involving custody and child support during the divorce proceedings, the child support obligation was reduced to $1,029.51 in June 2000.
 {¶ 7} A final hearing was held before a magistrate, who subsequently filed her decision in March 2001. The magistrate found that pursuant to the parties' shared parenting agreement appellee would have companionship with the children from Friday at 6:00 p.m. until Sunday at 6:00 p.m. on alternate weekends. Further, appellee would have visitation with Kaylin one weekday per week from 4:00 p.m. to 8:00 p.m. Additionally, on weeks where appellee did not have the children for the weekend, Madyson and Nickolas would stay with her either Tuesday through Thursday or Monday through Wednesday.
 {¶ 8} Further, the magistrate noted the disparate incomes between the parties, appellant's historical income being $66,600 per year, while appellee's historical income was $21,252 per year. Employing a split parental worksheet, the magistrate determined appellant's child support obligation to be $496.20 commencing from January 23, 2001.
 {¶ 9} Appellant filed objections to the magistrate's decision with the trial court. Among other objections, appellant asserted that the magistrate's calculation of child support was erroneous. Appellant argued that the amount he should pay to appellee for child support obligations should be no more than $371.72 per month. Appellant further asserted that this amount should be retroactively applied to the temporary child support orders. Thus, appellant concluded that he has overpaid on his child support obligations during the time the divorce proceedings were pending and should receive credit for those overpayments.
 {¶ 10} In October 2001, the trial court filed its decision overruling appellant's objections to the magistrate's decision concerning child support.
 {¶ 11} In February 2002, a final decree of divorce was filed. It incorporated the shared parenting agreement and the magistrate's decision, including certain changes by the trial court that are inconsequential for purposes of our decision.
 The Appeal {¶ 12} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 13} First Assignment of Error: "The Trial Court erred when it used a split parenting worksheet rather than using a calculation of the percentage of time as specified in the Looker case, rendering the result inequitable."
 {¶ 14} Second Assignment of Error: "The Trial Court erred when it failed to make its final award of child support retroactive to the filing date of the divorce since the arrangements regarding the care and custody of the children never changed."
 I. Appellate Jurisdiction {¶ 15} Initially, we must address a threshold jurisdictional issue, to wit: whether the judgment entered below constitutes a final appealable order. Absent a final appealable order, we lack jurisdiction to review the case under R.C. 2505.02 and Section 3(B)(2), Article IV, Ohio Constitution. In his amended complaint, appellant named both appellee and Kostenbader as parties defendant. As far as we can tell, the court never entered judgment for or against Kostenbader, nor was he dismissed from the action. Technically, the claims against Kostenbader are still pending.
 {¶ 16} Civ.R. 54(B) provides that a "court may enter final judgment as to one or more but fewer than all the claims * * * only upon an express determination that there is no just reason for delay." See Civ.R. 54(B). The Supreme Court of Ohio has held that a judgment disposing of less than all the claims presented in a particular case must comply with Civ.R. 54(B) or it will not be considered a final appealable order. See Chef Italiano Corp. v. Kent State University (1989),44 Ohio St.3d 86, 541 N.E.2d 64, syllabus.
 {¶ 17} The judgment in the present case neither disposes of claims against Kostenbader, to the extent that any such claims were raised, nor does it contain the requisite Civ.R. 54(B) language that there is "no just reason for delay." Thus, arguably, the judgment is not a final appealable order such that we would have jurisdiction to review the matter. Thus, we generally would be required to dismiss the appeal. SeeProd. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 621 N.E.2d 1360, fn. 2.
 {¶ 18} Nevertheless, we decide against this approach because Kostenader appears to have been brought in as a party solely to make it easier for the trial court to restrain the dissipation of assets possibly held by him on behalf of appellee. The final divorce decree and distribution of assets has effectively rendered any claims against Kostenader moot. Further, the trial court's judgment released all restraining orders issued during the course of the divorce proceedings. Thus, we can properly assume jurisdiction in this case. See Vadakin v.Vadakin (1997), Washington App. No. 95CA49; General Accident Ins. v.Ins. Co. of North America (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266
(holding that "even though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable"); see, also, Noble v. Colwell (1989), 44 Ohio St.3d 92,540 N.E.2d 1381.
 II. Child Support Calculations {¶ 19} In his First Assignment of Error, appellant argues that the trial court erred when it determined that appellant's child support obligation should be $496.20 per month. Appellant asserts that the trial court should have deviated from the child support computation worksheet as set forth in R.C. 3119.023[1], and applied a formula used by the Tenth District Court of Appeals in Looker v. Looker (Dec. 29, 1992), 10th Dist. No. 92AP-1064.
 {¶ 20} R.C. 3119.023 provides that in proceedings where the parents have split parental rights and responsibilities, the trial court "shall use a worksheet that is identical in content and form to the" one provided in the statute. R.C. 3119.023. Initially, we note that appellant concedes that the trial court's judgment correctly calculates the child support obligation in accordance with the child support computation worksheet for split parental rights and responsibilities. Appellant's only argument is that the trial court should have deviated from the statutory worksheet because he has more time with the children than appellee does.
 {¶ 21} R.C. 3119.22 provides:
 {¶ 22} "The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in section 3119.23
of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child."
 {¶ 23} Among the many factors to be considered for a deviation are: (1) special and unusual needs of the children; (2) extended parenting time or extraordinary costs associated with parenting time; (3) financial resources and earning ability of the child; (4) income disparity between the parents or households; (5) benefits received by either parents from remarriage or sharing living expenses with another person; and, (6) any other relevant factor. See R.C. 3119.22.[2]
Further, if a trial court decides to deviate from the mandated computation worksheet, it must make a finding delineating why the worksheet amount is unjust or inappropriate and not in the best interests of the child or children. See R.C. 3119.22. Additionally, the trial court must make factual findings supporting that determination. See id.
 {¶ 24} R.C. 3119.22 and 3119.23 endow the court with discretion to deviate from the amount of child support calculated pursuant to the statutory worksheet, after considering certain factors. Accordingly, we review the court's decision to not deviate from the worksheet to determine whether that decision constitutes an abuse of discretion. SeePurvis v. Purvis, Adams App. No. 00CA703, 2002-Ohio-570 (stating that, "An appellate court uses the abuse of discretion standard when reviewing matters concerning child support."); see, also, Booth v. Booth (1989),44 Ohio St.3d 142, 144, 541 N.E.2d 1028; State ex rel. Scioto Cty. ChildSupport Enforcement Agency v. Gardner (1996), 113 Ohio App.3d 46, 52,680 N.E.2d 221.
 {¶ 25} "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. To constitute an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but the perversity of will, not the exercise of judgment, but the defiance of judgment, not the exercise of reason but, instead, passion or bias." Nakoff v. FairviewGen. Hosp., 75 Ohio St.3d 254, 256, 1996-Ohio-159, 662 N.E.2d 1.
 {¶ 26} In making his argument, appellant relies exclusively on the decision of the Tenth District Court of Appeals in Looker. In Looker, the court reviewed a trial court's deviation from the then-existing statutory framework in determining the amount of child support. The court explained the statutory formula and the court's rationale for deviating from that formula. The court's rationale for deviating from the formula included the disparity in income between the parents and their respective abilities to take advantage of certain tax deductions. See Looker v.Looker, supra.
 {¶ 27} Contrary to appellant's assertions, Looker does not set out some alternate child support formula that trial courts may utilize.Looker addresses the reasonableness of a trial court's decision to deviate from the statutory computation worksheets. See Looker, supra.
 {¶ 28} In the case sub judice, the trial court applied the proper worksheet and performed the calculations correctly, as conceded by appellant. The trial court determined that the amount born of the worksheet computations was just and in the best interest of the children. The trial court noted the disparity of incomes between appellant and appellee. It also noted appellee's need in creating a home for the children and compared appellee's financial ability to do so with appellant's financial resources. These factors can be used to deviate from the worksheet calculations, but the trial court specifically found that in this case, the factors weighed against deviating from the worksheet.
 {¶ 29} Considering the trial court's thorough reasoning, we cannot find that it abused its discretion in setting appellant's child support obligation at $496.20 per month. Accordingly, we overrule appellant's First Assignment of Error.
 III. Retroactive Application of the Child Support Award {¶ 30} In his Second Assignment of Error, appellant asserts that the trial court erred by not retroactively applying the $496.20 per month child support award to the date the divorce proceedings commenced.
 {¶ 31} Appellant was instructed, pursuant to temporary child support orders, to pay to appellee $1,428 per month in child support. That amount was subsequently changed to $1,029.51, pursuant to an agreed entry that, among other things, temporarily resolved custody matters. Appellant asserts that the living arrangements for the children have not changed since the commencement of the divorce proceedings and have essentially been the same as the arrangements agreed to in the shared parenting plan. Accordingly, appellant asserts that he should be entitled to a credit for all child support payments made while the divorce action was pending that were in excess of $496.20.
 {¶ 32} As we have already noted, we review child support matters using an "abuse of discretion" standard of review. See Purvis and Booth, supra.
 {¶ 33} When issuing a temporary child support award, a trial court must make a decision with limited evidence and information. The recipient wants the award to be perfect and precise to ensure full payment, while the obligor desires the same to ensure no overpayment is made. A perfect and precise temporary child support award is unrealistic. "The magistrate must make a determination quickly, often with only limited evidence. Temporary orders for support are pendente lite. The very nature of temporary support orders is `to preserve the status quo during the proceeding.'" See Alteno v. Alteno, 11th Dist. 2000-T-0078,2002-Ohio-302.
 {¶ 34} If a party is not satisfied with a temporary child support order, he or she may file a motion pursuant to Civ.R. 75(N)(2), seeking a hearing on the issue. In the case sub judice, appellant was initially ordered to pay $1,428 per month. The parties then agreed that the amount to be paid should be $1,029.51 per month. We cannot say that the trial court erred in not revisiting these figures and crediting appellant with the difference.
 {¶ 35} A trial court's decision to not complicate child support matters by revisiting support payments made two years before the final decree of divorce was filed is not wholly unreasonable. Further, the trial court's decision is reasonable considering that appellant agreed to the second temporary child support order.
 {¶ 36} Accordingly, the trial court did not abuse its discretion by refusing to retroactively apply the final child support award, and we overrule appellant's Second Assignment of Error.
 Conclusion {¶ 37} Therefore, we find that the trial court did not abuse its discretion by calculating appellant's child support obligation as it did. The trial court also did not abuse its discretion by refusing to retroactively apply the calculated child support amount.
 {¶ 38} Accordingly, appellant's assignments of error are overruled in toto and we affirm the well-reasoned judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the PICKAWAY COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment Only.
[1] We note that R.C. 3119.023, effective March 22, 2001, contains provisions that are analogous to former R.C. 3113.215(F), which was repealed.
[2] R.C. 3119.22 contains provision analogous to portions of former R.C. 3113.215(B)(1) and former R.C. 3113.215(B)(2)(c), which have been repealed.